### UNITED STATES of America, Plaintiff-Appellee,

v.

### Gerrit TIBBOEL, Defendant-Appellant.

### No. 84–1072.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 2, 1984.

Decided Jan. 29, 1985.

Rehearing and Rehearing En Banc Denied Feb. 28, 1985.

---

Andrew B. Spiegel, Chicago, Ill., for defendant-appellant.

Mary F. Harkenrider, Asst. U.S. Atty., Dan K. Webb, U.S. Atty., Chicago, Ill., for plaintiff-appellee.

Before CUDAHY, POSNER and COFFEY, Circuit Judges.

POSNER, Circuit Judge.

Tibboel was convicted of willful failure to file income tax returns for three years, in violation of 26 U.S.C. § 7203, and sentenced to serve a year in prison followed by five years on probation and to pay a fine of $10,000. The only issue his appeal raises that merits discussion is whether his rights under the Speedy Trial Act (as amended in 1979), 18 U.S.C. §§ 3161 *et seq.*, were violated. The Act allows 70 days to bring to trial a defendant who has pleaded not guilty, see 18 U.S.C. § 3161(c)(1), apart from time that the Act excludes from the computation of elapsed time.

The parties agree that the speedy-trial clock started to run on April 14, 1983, when Tibboel pleaded not guilty to the charges against him, and stopped 146 days later, on September 7, when Tibboel moved to dismiss the charges on the ground that the Speedy Trial Act had been violated. Within this stretch, the only period in dispute is between April 14, when Tibboel pleaded not guilty, and July 29, when the judge ruled on Tibboel's pretrial motions. This period has two segments, the first ending on May 19, when the pretrial motions were filed, and the second ending on July 29. The first segment comprises 35 days, and the second 71. Tibboel concedes, however, that 14 of the first 35 days are excludable, May 5–May 19, when the time for filing his pretrial motions was extended pursuant to his motion for an extension of time. (We

do not know why he concedes this, since the filing of a motion for an extension of time does not automatically toll the running of the speedy-trial clock, even if the defendant filed the motion. See 18 U.S.C. § 3161(h)(8). But the concession has, as we shall see, no significance, since the entire period from April 14 to May 19 is excludable in any event.) Tibboel also concedes that 30 of the 71 days are excludable from the period in which he had to be tried, by virtue of 18 U.S.C. § 3161(h)(1)(J) which excludes "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." Thus, on his view, the period between April 14 and July 29 yields 62 days of time that counts against the government's speedy-trial allowance (21 + 41), to which must be added the remaining 40 days to September 7, for the parties agree that these days counted against the 70-day allowance. This makes a total of 102 days, leaving, after subtraction of the 70-day allowance, an overage (in Tibboel's view) of 32 days.

■ When Tibboel appeared in court on April 14 to plead not guilty, the judge gave him 10 days in which to file pretrial motions. Tibboel requested and was granted successive extensions of time amounting to 24 more days, and then filed his motions one day late, making a total (as we said) of 35 days between the plea of not guilty and the filing of the pretrial motions. The Speedy Trial Act—in this as in other respects an unsatisfactory piece of draftsmanship, despite the amendments made in 1979 to cure the deficiencies of the original statute—does not make any provision for time during which the parties are preparing pretrial motions. Although the legislative history to the 1979 amendments contains some, but equivocal, indication that all preparation time is includable (i.e., part of the 70 days) unless the judge grants a continuance, compare S.Rep. No. 212, 96th Cong., 1st Sess. 33–34 (1979), with *id.* at 26, the statute itself points in a different direction. Section 3161(h)(1) excludes "any period of delay resulting from other pro-

ceedings concerning the defendant, including but not limited to ... (F) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion...." It is apparent from subsection F that a proceeding on a pretrial motion is one of the "other proceedings" to which 3161(h)(1) refers; and while F itself refers only to the period between the filing of the motion and the disposition of it, and not to the period during which the motion is being prepared, section 3161(h)(1) is explicit that the particular intervals in subsections A through J are illustrative rather than exhaustive ("including but not limited to"). We therefore agree with the First Circuit in *United States v. Jodoin,* 672 F.2d 232, 238 (1st Cir.1982) (but cf. *United States v. Carrasquillo,* 667 F.2d 382, 388 (3d Cir.1981)), that time consumed in the preparation of a pretrial motion must be excluded—provided that the judge has expressly granted a party time for that purpose. This qualification is necessary to avoid creating a big loophole in the statute. If on the eve of trial the government or the defendant files a pretrial motion that the movant has been working on since the prosecution began, there would be a sense in which the whole interval was pretrial-motion preparation time. But that would mean that a party could delay trial indefinitely merely by working on pretrial motions right up to the eve of trial. We conclude that the only time that is excludable for the preparation of pretrial motions is time that the judge has granted for this purpose. But as this condition was met here for all but the last day (the motion was filed on May 19, but the extension of time for filing it that the judge had granted had expired on May 18), 34 of the 35 days between April 14 and May 19 must be excluded. We need not decide whether the question might be decided differently if the government rather than the defendant were the movant.

■ We note that when Tibboel on September 7 moved to dismiss the charges by reason of the Speedy Trial Act, the

judge purported to grant a continuance under 18 U.S.C. § 3161(h)(8) retroactive to April 14 to take care of the period to May 19, when Tibboel filed the pretrial motions. The Act does not permit retroactive continuances; to be effective in preventing time from counting for Speedy Trial Act purposes, the continuance must be granted before the time sought to be excluded begins to run. *United States v. Janik,* 723 F.2d 537, 545 (7th Cir.1983); cf. *United States v. Carlone,* 666 F.2d 1112, 1115–16 (7th Cir.1981). But as all but one day was excludable anyway, the judge's error was harmless.

This still leaves for consideration, however, the 71 days during which Tibboel's pretrial motions were under consideration by the judge. Even after 30 days are subtracted on the authority of subsection J (the "under advisement" provision quoted earlier), the Speedy Trial Act would be violated if the rest of the 71-day period had to be included, since that would be 41 days, which when added to the 40 days from July 29 to September 7 that the government concedes must be included, and to the one day before May 19 (May 18) that we have just held must also be included, would exceed by 12 days the Speedy Trial Act's 70-day allowance.

Subsection F, which governs the exclusion of delay between the filing (May 19, here) and disposition (July 29) of a pretrial motion, specifies no time limit other than promptness. But in *United States v. Janik, supra,* 723 F.2d at 543–44, we held in accordance with considerable authority, cited in *id.* at 544, to which can be added *United States v. Rush,* 738 F.2d 497, 505 (1st Cir.1984); *United States v. Mitchell,* 723 F.2d 1040, 1047 n. 6 (1st Cir.1983) (dictum), and *United States v. Mers,* 701 F.2d 1321, 1336 (11th Cir.1983), that F must be read together with J, which specifies an outside time limit of 30 days for any matter under advisement, because a pretrial motion that the judge is considering (as distinct from a motion still in preparation, as were Tibboel's pretrial motions before May 19) is such a matter. The contrary conclusion, reached recently in *United States v.*

*Henderson,* 746 F.2d 619, 623 (9th Cir. 1984), without mention of subsection J, would create the paradox that the court must act on any submission within 30 days except a pretrial motion, which the court could take all the time it wanted to decide, provided it could be said to have acted promptly.

*Janik* recognized, however, that our earlier decision in *United States v. Regilio,* 669 F.2d 1169, 1172–73 (7th Cir.1981), and the Eighth Circuit's decision in *United States v. Brim,* 630 F.2d 1307, 1313 (8th Cir.1980), on which *Regilio* relied, had allowed more than 30 days for consideration of pretrial motions; but in both cases the defendant had filed several motions, whereas Janik had filed a single pretrial motion, and on this basis *Janik* was able to reconcile the earlier cases with its holding. This, too, is a multiple-motions case, Tibboel having filed seven distinct pretrial motions ranging from a motion to dismiss the charges against him to a motion that the government be ordered to disclose its witnesses to him. Multiple pretrial motions have caused problems for the courts. In contradiction to *Brim* and especially (as we shall see) *Regilio,* several decisions in other circuits apply the 30-day limitation to multiple pretrial motions, at least when filed simultaneously (as in this case)—but without discussion of the issue. See *United States v. Mers, supra,* 701 F.2d at 1335–36; *United States v. DeLongchamps,* 679 F.2d 217, 220 (11th Cir.1982) (per curiam). And one of our cases, *United States v. Raineri,* 670 F.2d 702, 707–08 (7th Cir.1982), is ambivalent on the question.

The source of the problems is a gap in the Act. Both subsection F, in referring to pretrial motions specifically, and subsection J, in referring to matters under advisement generally, are in the singular ("any pretrial motion," "any proceeding"). The statute nowhere addresses, and we can find no evidence in the legislative history that Congress considered, the case in which a defendant makes several motions. *Brim* is an easier case than this for recognizing an exception to the 30-day requirement be-

cause the pretrial motions had not been filed all at once, but instead seriatim, and for all that appears the last motion was decided within 30 days of its being filed. See also *United States v. Fogarty*, 692 F.2d 542, 545 (8th Cir.1982). It would be unreasonable to require the judge to rule on a pretrial motion within one day just because a previous such motion had been filed with him 29 days earlier and not yet decided. But all seven of Tibboel's pretrial motions were filed on the same day, May 19, 1983.

■ Nevertheless we conclude that the 30-day limit does not apply to this case. *Regilio* unlike *Brim* is indistinguishable from this case, the multiple motions in *Regilio* having also been filed the same day. See 669 F.2d at 1171. And we are unwilling to impute to Congress a purpose, nowhere stated or even hinted at by it, to require a judge to decide a collection of pretrial motions within 30 days, no matter how many there are. Tibboel filed seven pretrial motions; but he could have filed 10, or 50, or 100—or 135, see *United States v. Bryant*, 726 F.2d 510, 512 (9th Cir.1984) (per curiam)—and the logic of his argument is that, however many he filed, the court still had only 30 days in which to decide them unless it granted a continuance meeting the requirements of section 3161(h)(8). It would have been better if the court had granted such a continuance as soon as it realized that it would take more than 30 days to decide the motions, but we do not think this was mandatory. Bearing in mind that the statute does not explicitly subject the consideration of pretrial motions to the 30-day limit for deciding a matter taken under advisement and that criminal defendants will be ill-served by a procedure that compels the district judge (unless he grants a section 3161(h)(8) continuance within the 30-day period) to decide their pretrial motions, however numerous, within a short, fixed period of time, we hold that in a case of multiple pretrial motions the limitation is not 30 days, but reasonable promptness, as under F. The defendant who wants to expedite the proceedings against him can do so by filing a single motion consolidating his requests for pretrial relief.

■ We also hold that in the circumstances of this case the judge did not exceed the bounds of reasonable promptness by taking more than 30 days. We need not decide whether the full 71 days was a reasonable period; if 42 was, the Speedy Trial Act was not violated, for once the 34 days of preparation time are excluded, as we have held they must be, the amount of includable time is 112 days, of which 70 represents the government's speedy-trial allowance. It is therefore enough to dispose of Tibboel's challenge under the Speedy Trial Act that we hold that the district judge would have been acting promptly within the meaning of subsection F if he had decided the pretrial motions within 42 days of their filing. If the 30 days allowed by subsection J would have been a reasonable period for disposing of one of Tibboel's pretrial motions (and we do not understand the defendant to be disputing this), then 42 days was a reasonable period for disposing of seven motions.

The other grounds of appeal have no possible merit. The judgment is

AFFIRMED.