UNITED STATES of America, Plaintiff,

v.

Kenneth L. THOMAS, Defendant.

No. 84 CR 222.

United States District Court,
N.D. Illinois, E.D.

June 24, 1985.

Asst. U.S. Atty. Felipe Sanchez, Chicago, Ill., for U.S.

Andrew B. Spiegel, Chicago, Ill., for Kenneth Thomas.

## DECISION

McMILLEN, District Judge.

Defendant, who was convicted by a jury on seven counts for failing to file income tax returns and for giving false information on W–4 withholding statements, has filed three post-trial motions. Although he has been sentenced, execution has been stayed until the pending motions have been decided.

### *The Speedy Trial Act Motion*

The defendant's motion to dismiss the indictment for violation of the Speedy Trial Act was filed prior to trial and renewed post-trial. Procedurally it should be decided first, because defendant's other motions would be rendered moot if that motion is well-founded. It is not.

The difficult exercise of examining the various motions and other interruptions of the flow of time in this case, from the defendant's first appearance on March 26, 1984 to the beginning of his trial on January 17, 1985 has been engaged in not only by my minute clerk but also by one of my law clerks. The former arrives at a total of 32 non-excludable days and the latter a total of 34 non-excludable days between these two dates. Defendant's attorney, whose dilatory tactics caused most of the delays, asserts that 295 non-excludable days expired without tolling by the Act. The differences between these calculations are only partly attributable to the occasionally arcane nature of that statute. We will try to simplify our discussion by not reciting a detailed chronological history of this case before trial began.

Defendant's attorney begins the running of time on March 20, 1984 when defendant was served with notice of his arraignment and ends on January 15, 1985 when his case was called for trial. He ignores the fact that the government filed a superseding indictment on October 1, 1984, adding four new counts. Defendant pleaded not guilty to this new indictment on October 9 by which time nine days had expired on the four new counts. The Speedy Trial Act time was suspended by court order from October 9 to October 31, 1984, in the interest of justice. Defendant's pretrial motions were filed beginning on October 6 and, with extensions of time, up until November 6. They were being briefed by defendant and then by the government until January 4, 1985 and were ruled on January 14, 1985. We believe the record will show that all of this time is excludable under *United States v. Tibboel,* 753 F.2d 608 (7th Cir.1985). Thereafter, only two days ran before trial, January 15 and 16, 1985. Thus defendant obviously received a speedy trial on the new counts, Four, Five, Six and Seven.

Even if the government's delay from November 14, 1984 to January 4, 1985 in filing its response to the defendant's first set of pretrial motions is not fully excludable (since no motion to exclude or order was entered covering that period), this would amount to a maximum of 52 days. However, the government had at least ten days after November 14, 1984 to prepare and file its responses under Local Criminal Rule 2.05c (*United States v. Novak,* 715 F.2d 810 (3rd Cir.1983)), and it would not be unreasonable to allow the government even more time because of the multiple motions and delays already requested by the defendant. Bearing in mind that when

the defendant made a motion to exclude his time on November 13, 1984 he agreed that excludable time would run until the motions were decided, we find and conclude that it is reasonable to exclude as much time for the government's response as had been allowed for the defendant's filing of his motions. We therefore exclude 30 of the 52 days between November 14, 1984 and January 4, 1985 when the government finally filed its responses. *Tibboel, supra.* We believe that exclusion of more than 30 days could be unreasonable and warn the prosecutor to pay more attention to the calendar.

As to the original counts, One, Two and Three, it is necessary to add on the time that ran before the superseding indictment was filed. Defendant appeared before Magistrate Jurco for the first time on March 26, 1984. On April 9, 1984, Magistrate Sussman set the briefing schedule for filing and briefing pretrial motions. Thus 13 days ran until the pretrial motion date was reached. After that, defendant obtained extensions of time to file motions and briefs until finally, on May 14, 1984 he filed six pretrial motions.

▉ The government, in the interest of justice, obtained extensions of time to file its answering memoranda until June 4, 1984, following which defendant obtained extensions to file replies until July 10, 1984. The magistrate issued his report and recommendations on August 1, 1984 and the court decided the objections on September 20, 1984. All of these times are excludable under *Tibboel, supra.* Although this court held the motions under advisement for 38 days, defendant's multiple motions keep this within a reasonable period of time under *Tibboel* and *United States v. Latham,* 754 F.2d 747 (7th Cir.1985). The additional eight days is not sufficient in the attempt to reach 70 in any event. After September 20, 1984, an additional ten days ran until the superseding indictment was filed on October 1, 1984.

The record will speak for itself and demonstrate that most of the time which elapsed after March 26, 1984 was due to

the defendant's filing and the subsequent processing of his multiple pre-trial motions. Although some of the extensions of time were at the government's request, those delays are excludable as well as the defendant's. cf. *United States v. Bufalino,* 683 F.2d 639, 646 (2d Cir.1982). Several circuits have held that all reasonable delays in pre-trial motion practice are excluded under § 3161(h)(1)(F), in most instances without prior court orders. e.g. *United States v. Henderson,* 746 F.2d 619 (9th Cir.1985); *United States v. Novak,* 715 F.2d 810 (3rd Cir.1983); *United States v. Horton,* 705 F.2d 1414 (5th Cir.1983); *United States v. Stafford,* 697 F.2d 1368, 1373 (11th Cir. 1983). And the Seventh Circuit extends the 30–day limit of subsection (J) when defendant files multiple pretrial motions. *Tibboel, supra.*

We have already found that only two days ran after January 4. Therefore, in our opinion the *maximum* time which expired under the Speedy Trial Act was 13 days after arraignment, 8 days before the first set of pre-trial motions was ruled on, 10 days before the superseding indictment was filed, 22 days awaiting the government's memoranda on defendant's second set of motions, 8 days after the second set of motions could have been decided, and 2 days just before trial. The difference between these calculations and those referred to by our staff (*supra,* p. 2) is due largely to the extra time used by the government in briefing and by the court to rule on multiple motions following the superseding indictment.

### The Invalidity of the Sixteenth Amendment

Defendant's second motion is for arrest of judgment on the grounds that the Sixteenth Amendment to the Constitution was never validly ratified. This argument is based upon an alleged "fraudulant scheme" between then Secretary of State Knox and his Solicitor of the Department of State causing the Secretary to declare that the Sixteenth Amendment was ratified on February 25, 1913. This fraud allegedly

occurred because the Solicitor recognized that some of the ratifying legislatures did not use exactly the same wording or punctuation as had been enacted by Congress. The Solicitor nevertheless recommended in a letter to the Secretary of State that he issue his Proclamation of Ratification despite these "errors," and he did so.

■ The issuance of the proclamation was an exercise of the executive powers of the Secretary of State, and the Solicitor's letter disclosing the facts can in no way be considered collusion, a fraud, or a conspiracy. Much more evidence than the defendant has presented would be required to prove any of those conclusions, and of course the time for examining the surrounding circumstances and state of mind of the parties has long gone by. The Secretary exercised his authority in good faith, on advice of counsel, and the legislatures' errors were of no substance. Therefore, if we were to rule on this question, it would be adverse to the defendant.

■ However, it has long been the law of the land that the courts will not intrude into a political question such as the validity of amendments to the Constitution. In *Leser v. Garnett*, 258 U.S. 130, 42 S.Ct. 217, 66 L.Ed. 505 (1922), Justice Brandeis, writing for a unanimous court, held that the validity of the ratification of the Nineteenth Amendment was not a justiciable issue because the certification by the various States followed by the proclamation of the Secretary of State under 5 U.S.C. § 160 was "conclusive upon the courts." 258 U.S. at 137, 42 S.Ct. at 218. In *Coleman v. Miller*, 307 U.S. 433, 59 S.Ct. 972, 83 L.Ed. 1385 (1939), involving the ratification of a Child Labor Amendment, the State of Kansas at first rejected the proposed amendment and later ratified it. The court held that it would not review an official notice of ratification to the Secretary of State, although the justices differed in their reasons. All but two acknowledged the continued vitality of *Leser v. Garnett, supra.*

All of the courts which have recently considered the argument raised by defendant in his motion in arrest have ruled that the validity of the Sixteenth Amendment cannot be contested under the facts alleged by defendant. e.g. *United States v. Alvin Wojtas*, 85 CR 45 (N.D.Ill., May 22, 1985); *United States v. Wayne Wojtas*, 611 F.Supp. 118 (N.D.Ill.1985); *United States v. Ferguson*, 615 F.Supp. 8 (S.D.Ind. 1985). Nevertheless, we have ruled on it, alternatively, because of the tendency of the Supreme Court to become involved in "political" questions since 1939.

## The Motion For Acquittal

■ Finally, defendant has filed a motion for judgment of acquittal based upon the evidence. He contends that he did not act willfully or knowingly in violating 26 U.S.C. §§ 7203 and 7205. Although defendant attempted to testify to this effect, his own acts and testimony were sufficient to permit a reasonable jury to find against him on this issue. He filed tax returns prior to the tax year 1979. He stated that he subsequently disagreed with the tax laws of the Federal government and with the way in which his tax payments would be spent. He received various notices from the I.R.S. notifying him of his obligation to file, and he also had received a letter from Congressman Philip Crane to the effect that Congress was not inclined to "strike down current IRS laws that consider wages as taxable income." Finally, he testified that he attended at least one tax protester trial in December 1981 and heard the instructions of law given to the jury, yet failed to file tax returns for tax years 1981, 1982 and 1983.

Thus the evidence in this case, taken in the light most favorable to the government, is clearly sufficient to support the verdicts. It is at least equal to the evidence on which the Court of Appeals affirmed similar verdicts in *United States v. Green*, 757 F.2d 116 (7th Cir.1985) and *United States v. Latham*, 754 F.2d 747 (7th Cir.1985).

Defendant's post-trial motions are therefore denied. A Rule 58 judgment will be entered.