**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Babatunde Kofo OWOKONIRAN,
Defendant–Appellant.**

No. 86–2558.

United States Court of Appeals,
Seventh Circuit.

Argued May 21, 1987.

Decided Nov. 13, 1987.

John T. Theis, Chicago, Ill., for defendant-appellant.

Ruben Castillo, Asst. U.S. Atty., Anton R. Valukas, U.S. Atty., Chicago, Ill., for plaintiff-appellee.

Before COFFEY and RIPPLE,
Circuit Judges, and ESCHBACH,
Senior Circuit Judge.

ESCHBACH, Senior Circuit Judge.

Defendant–Appellant Babatunde Kofo Owokoniran was convicted of importation of heroin, possession of heroin with intent to distribute, and conspiracy to commit those offenses against the United States, all in violation of 21 U.S.C. §§ 841(a)(1), 952(a), 963, and 18 U.S.C. § 2. The sole issue he raises on appeal is whether the government failed to bring him to trial within the time limits set forth in the Speedy Trial Act, 18 U.S.C. §§ 3161 *et seq.*[1]

---

1. We note that defendant may not have asserted below the failure to try him within the 70 days commencing with his indictment so much as the failure to try him within 90 days of his detention. Such a claim involves a different statutory section (18 U.S.C. § 3164) and a different

We conclude that it did not and therefore affirm.

## I

The defendant was initially detained on or about the first of April, 1986. He first appeared before a magistrate on April 2, 1986. The magistrate ordered him held pending a detention hearing. That hearing was held on April 4, 1986, and the defendant was ordered detained pursuant to 18 U.S.C. § 3142. On April 28, 1986, an indictment was returned against defendant and two co-defendants, naming one Phyliss Slaughter as an unindicted co-conspirator. On June 2, 1986, after Slaughter did not satisfy the government as to her degree of cooperation in a related case, the government filed a superseding indictment naming her as a defendant as well. Over appellant's objection, the trial court excluded June 2 through July 2 (during part of which Slaughter was on trial in Boston) under 18 U.S.C. § 3161(h)(7), which provides "a reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted" shall be excluded for purposes of the Act's time limitations. Other relevant periods excluded by the trial court included May 5 and 6, excluded when the defendants sought review of the magistrate's detention order and, although the trial court indicated a willingness to hear the motion that day (May 5), the defendants said they preferred the hearing be on the following day, and May 12–19, which the trial court excluded "to allow defendants time to prepare pretrial motions." No pretrial motions were ever filed. Trial was set to commence on July 9. On that day, defendant moved for dismissal of the indictment. Declining to reconsider the correctness of its earlier exclusions, the trial court denied the motion.

remedy (release from confinement). However, as the government has not asserted that the defendant has waived his claim under § 3161, we will consider it on its merits. *See Giotis v. Apollo of the Ozarks, Inc.,* 800 F.2d 660, (7th Cir.1986) (defense of waiver can itself be waived; court more likely to reach issue requiring no new factual record).

## II

■ We note at the outset that we must reject the government's contention that even if all of the exclusions were improper appellant's trial was held within the statutory period (the government contends that the time in this case ran from appellant's arraignment after the indictment was filed). The Speedy Trial Act provides in plain terms that "the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). Courts have construed the terms "appearance before a judicial officer" to mean the defendant's *initial* appearance before a judicial officer. *See, e.g., United States v. Wilson,* 720 F.2d 608, 609 (9th Cir.1983), *cert. denied,* 465 U.S. 1034, 104 S.Ct. 1304, 79 L.Ed.2d 703 (1984). Furthermore, the statutory language clearly contemplates that the indictment can be the "last occur[ring]" step, triggering the running of the 70–day period. Thus, where, as here, the defendant has been arrested and appeared before a magistrate prior to his indictment, the time commences running with the indictment. *See United States v. Yunis,* 723 F.2d 795 (11th Cir. 1984); *United States v. Perez–Reveles,* 715 F.2d 1348 (9th Cir.1983); *United States v. Carrasquillo,* 667 F.2d 382 (3d Cir.1981). The government's contrary suggestion is utterly unsupported by authority and hostile to the purposes of the Act.[2]

Although the propriety of several excluded periods is potentially at issue, we need concern ourselves with only one. Because

2. We realize that the government's position on this issue in this case may be the result of an oversight rather than the considered position of the United States regarding the proper interpretation of the statute.

we hold that the exclusion due to the unavailability of co-defendant Slaughter was proper, and because that renders appellant's trial clearly within statutory limits, we need not consider whether any of the other exclusions was proper.[3]

■ Section 3161(h)(7) specifically excludes from the time requirements of the Act "[a] reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted." That provision precisely governs this case and renders proper the exclusion regarding Slaughter. The defendant does not contest the reasonableness of the excluded period. Instead, he simply argues that because the government *could* have indicted Slaughter at the same time it indicted him, but chose not to for strategic reasons, the statutory provision should not apply. But the statute is not qualified in such terms, and we are without power to rewrite it. While it is unfortunate that, through no fault of his own, the defendant was held for trial for more than 70 days, this is not enough to convince us to depart from the plain language of the statute. In *United States v. Dennis*, 737 F.2d 617 (7th Cir.), *cert. denied*, 469 U.S. 868, 105 S.Ct. 215, 83 L.Ed.2d 145 (1984), for example, we approved a similar exclusion where the defendants were both indicted at the same time, but one was not available for arraignment until other proceedings in another district concluded. We see no reason to decide this case differently.

While we are aware that the superseding indictment could be used as a device solely to extend the Speedy Trial Act times, the record in this case contains no hint of such

abuse. Indeed, both at the trial court and in this court, defendant has never asserted that the government acted in anything but the utmost good faith. Were such abuse to occur, we are confident of the ability of the district courts (and the courts of appeal should that be necessary) to deal with it within the framework of the Act.

### III

For the reasons stated above, the convictions of the defendant are

AFFIRMED.

RIPPLE, Circuit Judge, concurring.

I join the judgment of the court; I also join the opinion of the court except for footnote 2.

---

**3.** At first examination the district court's exclusion of time to prepare pre-trial motions even though no such motions were filed gives reason for pause. § 3161(h)(1)(F) allows delay to be excluded if it is "delay resulting from any pre-trial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." In *United States v. Tibboel*, 753 F.2d 608 (7th Cir. 1985), we held that preparation time for pre-trial motions is excludable (although the language of the statute suggested the contrary) where

such motions were eventually filed. Our initial concern with the government's effort to extend *Tibboel* to circumstances where no pre-trial motions were actually filed is ameliorated by our recent holding in *United States v. Montoya*, 827 F.2d 143 (7th Cir.1987). In that case this court held that under § 3161(h)(1)(F)

  [e]ven when motions are not actually filed in the allotted time, the amount of time *granted* by the district judge for their preparation and submission is excludable.

*Id.*, at 153.