KENNETH L. THOMAS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Thomas v. Commissioner
Docket No. 22121-87.
United States Tax Court
T.C. Memo 1988-454; 1988 Tax Ct. Memo LEXIS 505; 56 T.C.M. (CCH) 275; T.C.M. (RIA) 88454; September 22, 1988. Kenneth L. Thomas, pro se. Joel D. Arnold, for the respondent. WHALEN
MEMORANDUM OPINION WHALEN, Judge: This case is before the Court to decide respondent's Motion for Summary Judgment, filed March 18, 1988. At issue is respondent's *506 determination of the following deficiencies in, and additions to, petitioner's Federal income tax: Additions to Tax, I.R.C. Sections [1]
Year
Deficiency
6653(b)
6653(b)(1)
6653(b)(2)
6654(a)
6661(a) [2]
1979
$ 4,448.00
$ 2,224.00
--
--
$ 137.00
--
1980
4,971.00
2,486.00
--
--
316.00
--
1981
5,560.00
2,780.00
--
--
425.00
--
1982
5,738.00
--
$ 2,869.00
*
199.00
$ 1,434.00
1983
6,198.00
--
3,099.00
**
339.00
1,550.00
*507 Respondent based the above determination of petitioner's tax liability upon his underlying determination that petitioner failed to report wage and other income in the following amounts: Year
Wage Income
Other Income
1979
$ 21,714.00
$ 84.00
1980
23,266.00
69.00
1981
25,116.00
45.00
1982
27,055.00
--
1983
30,222.00
--
Petitioner resided in Waukegan, Illinois at the time he filed the petition in this case. The petition, consisting of 48 pages, contested respondent's determination by raising various meritless "tax protestor" constitutional claims. [3] In his Answer, respondent denied all substantive allegations of fact and error, and affirmatively alleged: 3. FURTHER ANSWERING the petition, and in support of the determination that a part of the underpayments required to be shown on the petitioner's income tax returns for the taxable years 1979 through 1983 are due to fraud on the part of petitioner Kenneth L. Thomas, the respondent alleges: (a) On March 26, 1987, respondent mailed a notice of deficiency to petitioner. A copy of said notice is attached hereto as Exhibit A. *508 (b) On October 1, 1984, petitioner was indicted for failing to file individual tax returns for the years 1979 through 1983 under I.R.C. section 7203 and filing false Forms W-4 during 1982 and 1984 under I.R.C. section 7205. A copy of said indictment is attached hereto as Exhibit B and hereby incorporated by reference as though fully set forth herein. (c) On January 22, 1985, petitioner was convicted of each count of the indictment. [4]
(d) During taxable years 1979 through 1983, petitioner received wage income in the amounts of $ 21,714.00, $ 23,266.00, *509 $ 25,116.00, $ 27,055.00, and $ 30,222.00, respectively. (e) During taxable years 1979, 1980 and 1981, petitioner received interest income in the amounts of $ 84.00, $ 69.00 and $ 45.00 respectively. (f) Petitioner failed to file tax returns for 1979 through 1983 and failed to report the income received by him in those years. (g) During taxable year 1979, in order to avoid withholding of taxes from his paychecks, petitioner filed a Form W-4 with his employer claiming twenty two (22) exemptions. (h) In 1981, in order to avoid withholding taxes from his paychecks, petitioner filed a Form W-4 claiming exempt status. (i) In 1982, in order to avoid withholding from his paycheck, petitioner filed a Form W-4 claiming exempt status. (j) Petitioner well and truly knew that he was not entitled to the exemptions described in subparagraphs (g) (h) and (i) above. (k) Petitioner filed said false withholding certificates (Forms W-4) with the intent to avoid the payment of taxes. (l) Petitioner failed to file his 1979 through 1983 Forms 1040 with the intent of evading the payment of income taxes in those years. (m) Petitioner, by failing to file tax returns and filing false *510 withholding certificates, understated his income taxes for 1979 through 1983 in the amounts of $ 4,448.00, $ 4,971.00, $ 5,560.00, $ 5,738.00 and $ 6,198.00, respectively. (n) A part of each deficiency for the taxable years 1979 through 1983 is due to fraud with the intent to evade taxes. Petitioner failed to reply to respondent's Answer as required by Rule 37(a). Accordingly, respondent filed Motion For Entry Of Order That Undenied Allegations In Answer Be Deemed Admitted, in which he asked that the undenied affirmative allegations in his Answer be deemed admitted pursuant to Rule 37(c). The Court gave petitioner notice of respondent's motion, and instructed petitioner that "if petitioner files a reply as required by Rule 37(a) and (b) of this Court's Rules on or before November 12, 1987, respondent's motion will be denied." The Court's notice also advised petitioner that "if petitioner does not file a reply as directed herein, the Court will grant respondent's motion and deem admitted for purposes of this case the affirmative allegations in the answer." Petitioner did not respond to respondent's motion. [5] On December 21, 1987, the Court granted respondent's motion and *511 deemed admitted the undenied affirmative allegations of fact set forth in respondent's Answer. *512 Respondent subsequently filed the Motion for Summary Judgment at issue. Pursuant to Rule 121(b), we directed petitioner to file an opposing written response. Petitioner failed to do so. Pursuant to notice to the parties, this case was called for trial on June 20, 1988. Petitioner failed to appear because he was apparently then detained at the Federal Prison Camp, Duluth, Minnesota. The case was passed for trial and respondent's Motion for Summary Judgment was taken under advisement. We must decide, based on the record in this case, including the facts deemed admitted, whether petitioner is liable for the deficiencies and additions to tax determined by respondent. This Court may grant summary judgment "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b). See Naftel v. Commissioner,85 T.C. 527, 529 (1985); Jacklin v. Commissioner,79 T.C. 340, 344 (1982); Espinoza v. Commissioner,78 T.C. 412, 416 (1982). *513 The moving party, respondent in this case, bears the burden of proving that there is no genuine issue of material fact. Naftel v. Commissioner, supra at 529; Espinoza v. Commissioner, supra at 416. The moving party also bears the burden of proving that he should prevail on the substantive questions at issue as a matter of law. Rule 121(b). The Court will view factual material and inferences drawn therefrom in the light most favorable to the party opposing the motion for summary judgment. Naftel v. Commissioner, supra at 529; Jacklin v. Commissioner, supra at 344. Respondent contends that, in light of the facts deemed admitted pursuant to Rule 37(c), there is no genuine issue of material fact and he is entitled to judgment as a matter of law. We agree. As a threshold matter, we emphasize that petitioner has had ample opportunity to respond to the affirmative allegations contained in respondent's Answer and has chosen not to do so. Petitioner was also specifically warned that the Court would deem such allegations admitted in the event petitioner failed to reply to respondent's Motion for Entry of Order That Undenied *514 Allegations in Answer be Deemed Admitted. Furthermore, petitioner has not asked the Court to vacate its order deeming such affirmative allegations in the answer admitted. With regard to the tax deficiencies determined by respondent, the additions to tax for failure to pay estimated tax under section 6654(a), and the additions to tax for underpayment attributable to substantial understatement of income tax under section 6661(a), respondent's determinations are presumptively correct and petitioner bears the burden of proving otherwise. Rule 142(a); Welch v. Helvering,290 U.S. 111 (1933); Castillo v. Commissioner,84 T.C. 405, 408 (1985). Based on the facts which petitioner has been deemed to have admitted, petitioner has not met his burden of proof. See Marshall v. Commissioner,85 T.C. 267 (1985); Doncaster v. Commissioner,77 T.C. 334 (1981); Gromnicki v. Commissioner,T.C. Memo. 1988-358. Accordingly, we grant summary judgment for respondent with respect to such deficiencies and additions. With regard to the additions to tax for fraud under section 6653(b) for the years 1979, 1980 and 1981, *515 and under sections 6653(b)(1) and 6653(b)(2) for the years 1982 and 1983, respondent bears the burden of proving fraud by clear and convincing evidence. Section 7454(a); Rule 142(b); Castillo v. Commissioner, supra at 408. Respondent must show that the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead or otherwise prevent the collection of such taxes, that there is an underpayment of tax, and that some portion of the underpayment for each taxable year was due to the taxpayer's fraudulent intent. Stoltzfus v. United States,398 F.2d 1002, 1004 (3d Cir. 1968), cert. denied 393 U.S. 1020 (1969); Webb v. Commissioner,394 F.2d 366 (5th Cir. 1968), affg. a Memorandum Opinion of this Court; Rowlee v. Commissioner,80 T.C. 1111, 1123 (1983). The existence of fraud is a question of fact to be resolved upon review of the entire record. Rowlee v. Commissioner, supra at 1123; Gajewski v. Commissioner,67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). While fraud will never be presumed, *516 Beaver v. Commissioner,55 T.C. 85, 92 (1970), it may be proved by circumstantial evidence, e.g., Stephenson v. Commissioner,79 T.C. 995, 1005-1006 (1982), affd. 748 F.2d 331 (6th Cir. 1984). To satisfy his burden of proving fraud, respondent relies on the deemed admissions. This is an appropriate procedure under the Rules of this Court, Gilday v. Commissioner,62 T.C. 260, 262 (1974), and we may grant respondent summary judgment if the facts deemed admitted under Rule 37(c) clearly and convincingly establish that any part of the deficiency in each of the subject years is due to fraud. Cassidy v. Commissioner,814 F.2d 477, 481-482 (7th Cir. 1987), affg. a Memorandum Opinion of this Court; [6]Marshall v. Commissioner, supra at 272-73; Doncaster v. Commissioner, supra at 336-338; Gilday v. Commissioner, supra at 262-263. Clearly, the facts alleged in respondent's Answer and constructively admitted by petitioner are sufficient to establish fraud. Petitioner admitted that he failed *517 to file tax returns for 1979 through 1983 and failed to report the income received by him in each of those years. A pattern of failing to file income tax returns is circumstantial evidence of fraud. E.g., Castillo v. Commissioner, supra at 409. While such evidence, standing alone, does not establish fraud, Kotmair v. Commissionr,86 T.C. 1253, 1260-1261 (1986), petitioner has further admitted filing false Forms W-4 in 1979, 1981 and 1982. Filing false Forms W-4 is also an indication of fraud. Wedvik v. Commissioner,87 T.C. 1458, 1470 (1986); Habersham-Bey v. Commissioner,78 T.C. 304, 313 (1982). Petitioner has also admitted that he failed to file his income tax returns for 1979 through 1983 "with the intent of evading the payment of income taxes in those years," and that he filed false withholding certificates on Forms W-4 "with the intent to avoid the payment of taxes," and that these actions in combination "understated his income taxes for 1979 through 1983." Moreover, petitioner has admitted that "a part of each deficiency for the taxable years 1979 through 1983 is due to fraud with the intent to evade taxes. *518 " This undenied conclusory allegation is sufficiently consistent with, and supported by, the undenied specific allegations of fact to establish fraud. Compare Doncaster v. Commissioner, supra at 337, with Dahlstrom v. Commissioner,85 T.C. 812, 820-822 (1985). We have reviewed the record in this case, including the petition, and find not a single factual allegation made by petitioner to controvert the undenied allegations in respondent's Answer. The petition, which is 48 pages in length, consists entirely of confused and confusing statements typical of tax protesters. Based upon the record as a whole, we believe that there is clear and convincing evidence that the deficiencies for each of the years at issue are, at least in part, due to fraud. See, e.g., Granado v. Commissioner,792 F.2d 91, 92 (7th Cir. 1986), affg. a Memorandum Opinion of this Court, [7] cert. denied 480 U.S. 920 (1987); Wedvik v. Commissioner, supra at 1470; Stephenson v. Commissioner, supra at 1007; Castillo v. Commissioner, supra at 408-410; Hebrank v. Commissioner,81 T.C. 640, 642-643 (1983); *519 Rowlee v. Commissioner, supra at 1123-1126; Habersham-Bey v. Commissioner, supra at 313-314. As we noted in Castillo v. Commissioner, supra at 410: where a taxpayer's failure to file is predicated on frivolous arguments and where respondent has shown substantial amounts of unreported income on which withholding has been reduced or prevented by the submission of false Form W-4 certificates, we have repeatedly held that fraud has been established by clear and convincing evidence justifying the addition to tax under section 6653(b). [Citations omitted.] We sustain respondent's determination that petitioner is liable for the additions to tax for fraud and grant respondent summary judgment with respect thereto. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. Unless otherwise specified, all section references are to the Internal Revenue Code of 1954, as amended and in effect at the relevant times, and all Rule referencess are to the Tax Court Rules of Practice and Procedure. ↩
2. Section 8002, Omnibus Budget Reconciliation Act of 1986, Pub. L. 99-509, 100 Stat. 1874, 1951, increased the section 6661 addition to tax to 25-percent for returns due after December 31, 1982, effective for such additions assessed after October 21, 1986. The 25-percent rate therefore applies to petitioner. See Pallotini v. Commissioner,90 T.C. 498↩ (1988). *. 50 percent of the statutory interest on $ 5,738.00, computed from April 15, 1983 to the earlier of the date of assessment or the date of payment. ↩
**. 50 percent of the statutory interest on $ 6,198.00, computed from April, 15, 1984, to the earlier of the date of assessment or the date of payment.↩
3. The petition attempted to contest respondent's "jurisdiction," as an administrative agency, to issue petitioner a statutory notice on the grounds that he was a "Free Born White Male." It alleged no facts to contest the amounts of respondent's determination. ↩
4. We permitted respondent to amend his Answer out of time to plead the fact that petitioner's conviction on three of the indictment's seven counts was subsequently reversed by the United States Court of Appeals for the Seventh Circuit due to violation of the Speedy Trial Act, 18 U.S.C. sec. 3161(a)(2)(1982). The opinion of the Court of Appeals is reported at United States v. Thomas,788 F.2d 1250 (7th Cir. 1986), cert. denied 479 U.S. 853 (1986). See also United States v. Thomas,611 F.Supp. 881↩ (N.D. Ill. 1985). 5. On November 20, 1987, however, petitioner filed Motion For Court To Moves [sic] On Its Own Motion To Set Aside All All [sic] Procedures And Remanded 90 Day Letter Back To The Administrative Level (Appellate Division, Regional Counsel) For Deficiency Is An Administrative Matter And For A Redetermination On Conclusions Of Law By The IRS, Which Requires [sic] Exhaustion of All Administrative Remedies, Jurisdiction Challenge Supersedes All Other Issues And Is Always Timely, which asked this Court to "set aside all procedures and remand the 90-day letter back to the administrative level * * *." In that motion, petitioner stated that he filed the petition herein "for the express and only purpose of the IRS to prove [sic] by a preponderance of the evidence * * * that it did or did not have standing in this court to move against Petitioner, FREE BORN WHITE MALE, A MEMBER OF THE SOVEREIGNTY (See DRED SCOTT V [sic] SANFORD) a Citizen of the State of Illinois and of the Union." [Capitalization in original.] Petitioner's motion also contained other generic tax protester language. We denied petitioner's motion on December 21, 1987. Petitioner filed a motion objecting to our denial on January 22, 1988, and we denied that motion on January 29, 1988. ↩
6. Cassidy v. Commissioner,T.C. Memo. 1986-133↩. 7. Granado v. Commissioner,T.C. Memo. 1985-237↩.