Justice Alito
with whom Justice Breyer joins, dissenting.
The Court’s interpretation of the Speedy Trial Act of 1974 (Speedy Trial Act or Act) is not supported by the text or the legislative history of the Act. Under the Court’s interpretation, petitioner may be entitled to dismissal of the charges against him because his attorney persuaded a Magistrate Judge to give the defense additional time to prepare pretrial motions and thus delayed the commencement of his trial. The Speedy Trial Act does not require this strange result.
*218 I
A
The Speedy Trial Act generally requires a federal criminal trial to begin within 70 days after the defendant is charged or appears in court, but certain pretrial periods are excluded from the 70-day calculation. See 18 U. S. C. §3161 (2006 ed. and Supp. II). The provision at issue here, § 3161(h)(1), automatically excludes “[a]ny period of delay resulting from other proceedings concerning the defendant, including but not limited to” eight specific types of delay that are set out in subparagraphs (A)-(H). Eight Courts of Appeals have held[1] — and I agree — that a delay resulting from the granting of a defense request for additional time to complete pretrial motions is a delay “resulting from [a] proceed-in[g] concerning the defendant” and is thus automatically excluded under § 3161(h)(1).
B
In considering the question presented here, I begin with the general language of § 3161(h)(1), which, as noted, automatically excludes any “delay resulting from other proceedings concerning the defendant.” (For convenience, I will refer to this portion of the statute as “subsection (h)(1).”) The delay resulting from the granting of a defense request for an extension of time to complete pretrial motions falls comfortably within the terms of subsection (h)(1).
First, the granting of such a defense request qualifies as a “proceeding.” A court proceeding is defined as “[a]n act or step that is part of a larger action” and “an act done by the *219 authority or direction of the court.” Black’s Law Dietionary 1324 (9th ed. 2009) (hereinafter Black’s Law) (internal quotation marks omitted). The granting of a defense request for an extension of time to prepare pretrial motions constitutes both “[a]n act or step that is part of [the] larger [criminal case]” and “an act done by the authority or direction of the court.” Second, delay caused by the granting of such an extension is obviously “delay resulting from” the successful extension request.
C
The Court does not contend that the granting of a defense request for time to prepare pretrial motions falls outside the plain meaning of subsection (h)(1), but the Court holds that § 3161(h)(1)(D) (2006 ed., Supp. II) (hereinafter subparagraph (D)) narrows the meaning of subsection (h)(1). Subparagraph (D) sets out one of the eight categories of delay that are specifically identified as “delay resulting from [a] proceedin[g] concerning the defendant,” but as noted, this list is preceded by the phrase “including but not limited to.” “When ‘include’ is utilized, it is generally improper to conclude that entities not specifically enumerated are excluded.” 2A N. Singer & J. Singer, Sutherland on Statutes and Statutory Construction § 47.23, p. 417 (7th ed. 2007). See Campbell v. Acuff-Rose Music, Inc., 510 U. S. 569, 577 (1994); Herb’s Welding, Inc. v. Gray, 470 U. S. 414, 423, n. 9 (1985); Federal Land Bank of St. Paul v. Bismarck Lumber Co., 314 U. S. 95, 100 (1941); Black’s Law 831 (“The participle including typically indicates a partial list”). And the inclusion in subsection (h)(1) of the additional phrase “not limited to” reinforces this point. See United States v. Tibboel, 753 F. 2d 608, 610 (CA7 1985).
Because subparagraph (D) follows the phrase “including but not limited to,” the Court has a steep hurdle to clear to show that this subparagraph narrows the meaning of the general rule set out in subsection (h)(1). The Court’s argument is that subparagraph (D) governs not just “delay result *220 ing from any pretrial motion,” § 3161(h)(1)(D), but also delay resulting from “proceedings involving pretrial motions,” ante, at 205, and n. 9 (emphasis added), and “all pretrial motion-related delay,” ante, at 206 (emphasis added). In the Court’s view, Congress has expressed a judgment that if a period of “pretrial motion-related delay” does not fall within the express terms of subparagraph (D), then it is “excludable only when accompanied by district court findings.” Ibid. Thus, since subparagraph (D) does not provide for the exclusion of delay resulting from the granting of a defense request for more time to prepare pretrial motions, the Court holds that such delay is not excluded from the 70-day calculation. The Court’s analysis, however, is not supported by either the text of subparagraph (D) or the circumstances that gave rise to its enactment.
D
The Court’s argument would have some force if it were clear that the delay involved in the present case is “delay resulting from [a] pretrial motion.” §3161(h)(1)(D). It could then be argued that subparagraph (D) reflects a legislative decision to provide for the automatic exclusion of delay resulting from a pretrial motion only if that delay occurs during the period “from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion.” Ibid.[2]
It is at least doubtful, however, that the delay at issue in the present case is delay “resulting from [a] pretrial motion.” Ibid.[3] The phrase “resulting from” means “proceed[ing], *221 springing], or arising] as a consequence, effect, or conclusion.” Webster’s Third New International Dictionary 1937 (1971). Thus, delay “resulting from” a pretrial motion is delay that occurs as a consequence of such a motion. The type of delay involved in the present case, however, does not occur as a consequence of a pretrial motion; rather, it occurs as a consequence of the court’s granting of a defense request for an extension of time. The particular facts of this case sharply illustrate this point because petitioner never filed pretrial motions.[4]
It is telling that the Court elides the statutory phrase “resulting from” and substitutes a broader phrase of its own invention. The Court writes that “pretrial motion-related delay” that is not captured by subparagraph (D)’s text is “ex-cludable only when accompanied by district court findings.” Ante, at 206. See also ibid. (“Subparagraph (D) does not subject all pretrial motion-related delay to automatic exclusion”); ante, at 207 (“[Ojnly pretrial motion-related delay 'from the filing’ of a motion to the hearing or disposition point specified in the provision is automatically excludable”); ante, at 212, n. 14 (“pretrial motion-related delay”); ibid. (“pretrial motion-related proceedings”). But “pretrial motion-related delay” is not necessarily delay “resulting from” a pretrial motion.
Even if it is possible to read the statutory phrase “resulting from” to mean “related [to],” see ante, at 206, there are at least two good reasons for rejecting that reading. First, because subparagraphs (A)-(H) are meant to be illustrative, those provisions should not be interpreted as limiting unless *222 the limitation is very clear. Second, the Court’s interpretation of subparagraph (D) leads to an anomalous result that Congress is unlikely to have intended. Because subparagraph (D) automatically excludes “delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion,” it is clear that subparagraph (D) automatically excludes delay resulting from the granting of a prosecution request for additional time to respond to a defendant’s pretrial motions. The Court has not identified any reason why Congress might have wanted to provide an automatic exclusion for delay resulting from the granting of a prosecution request for additional time to respond to a defendant’s pretrial motions but not for delay resulting from the granting of the defendant’s request for additional time to prepare those very motions. Since there is nothing to suggest that Congress intended such a strange, asymmetrical result, the Court’s strained interpretation of subparagraph (D) should be rejected. Subparagraph (D) should be read to apply only to delay “resulting from [a] pretrial motion,” and because the delay involved here does not result from a pretrial motion, there is no basis for inferring that subparagraph (D) was meant to take that delay outside the scope of the general language of subsection (h)(1).
E
The circumstances surrounding the adoption of the current version of subparagraph (D) in 1979 point to the same conclusion. That language was adopted to expand the reach of the exclusion. As originally enacted, the relevant provision of the Act excluded only “delay resulting from hearings on pretrial motions,” 88 Stat. 2078, and courts had interpreted this language literally to exclude only time actually devoted to hearings. See, e.g., United States v. Lewis, 425 F. Supp. 1166, 1171 (Conn. 1977); United States v. Conroy, No. 77 Cr. 670 (CHT), 1978 U. S. Dist. LEXIS 19296, *4 (SDNY, Mar. 1, *223 1978); accord, United Stat+es v. Simms, 508 F. Supp. 1175, 1177-1178 (WD La. 1979). The House Judiciary Committee stated that the language on which the Court now relies was added “to avoid an unduly restrictive interpretation of the exclusion as extending only to the actual time consumed in a pretrial hearing.” H. R. Rep. No. 96-390, p. 10 (1979). Similarly, the Senate Judiciary Committee expressed frustration with what it described as the courts’ “unnecessarily inflexible” interpretation of the Act. S. Rep. No. 96-212, p. 18 (1979) (hereinafter S. Rep.). See also id., at 26. Congress’ expansion of the exclusion set out in subparagraph (D) so that it covers, not just the time taken up by hearings on pretrial motions, but all delay resulting from pretrial motions does not support the inference that Congress wanted the type of delay at issue in this case to count against the Speedy Trial Act’s 70-day period.
Contending that Congress could have been more explicit if it “wished courts to exclude pretrial motion preparation time automatically,” the Court cites as an example a legislative proposal by the Department of Justice to provide for an express exclusion of preparation time for pretrial motions. Ante, at 211, n. 13. The Court is correct that Congress did not choose this option, but the Court’s argument misses the point.
First, it bears emphasizing that the Justice Department’s proposal did not simply exclude delay caused by a successful defense request for additional time to prepare pretrial motions. That is the delay in dispute here. Instead, the Justice Department’s proposal excluded all “delay resulting from the preparation and service of pretrial motions and responses and from hearings thereon.” S. 961, 96th Cong., 1st Sess., §5 (1979) (as introduced).
Second, the reasons given in the Senate Judiciary Committee Report for rejecting the Justice Department proposal do not apply when the delay results from the granting of a defense request such as the one at issue here. The Senate *224 Committee Report noted that, when excluding time for the preparation of pretrial motions, it will be “quite difficult to determine a point at which preparation actually begins.” S. Rep., at 34. But when a district court grants a defendant’s motion for time to prepare pretrial motions, that concern is not present. See United States v. Oberoi, 547 F. 3d 436, 451 (CA2 2008) (noting the importance of the District Court’s expressly stopping the speedy trial clock to create a point from which to measure preparation time).[5] In addition, the Committee expressed the view that “in routine cases, preparation time should not be excluded.” S. Rep., at 34. However, cases in which a district court accedes to a defense request for more than the usual amount of time for the completion of pretrial motions are by definition not routine.
Third, there is no reason why Congress should have supposed that the language that Congress and the President enacted did not reach delay resulting from the granting of the defendant’s request for additional time to prepare pretrial motions. As explained above, supra, at 219, 220-222, such delay results from a proceeding concerning the defendant and is not delay resulting from a pretrial motion.
In sum, (1) delay resulting from the granting of a defense motion for an extension of time to file pretrial motions falls within the general rule, set out in subsection (h)(1), that automatically excludes delay “resulting from [a] proceeding] concerning the defendant”; (2) the subparagraphs that follow, which are preceded by the phrase “including but not limited to,” are illustrative, not exhaustive; and (3) neither the text *225 of subparagraph (D) nor the circumstances surrounding its adoption clearly reflect an intent to narrow the scope of the general rule set out in subsection (h)(1). For these reasons, I would hold that the delay in question here is automatically excluded.
II
The Court advances several additional arguments in support of its analysis, but none is persuasive.
A
Two of these arguments hinge on the Court’s unjustifiably broad interpretation of subparagraph (D), i. e., that it covers all “pretrial motion-related delay.” First, the Court reasons that under a contrary interpretation, “a eourt could extend by weeks or months, without any finding that the incursion on the Act’s timeliness guarantee is justified, the entire portion of a criminal proceeding for which the Act sets a default limit of 70 days.” Ante, at 210. But the same is true of the Court’s interpretation. Even under an interpretation that automatically excludes delay “only from the time a motion is filed through the hearing or disposition point,” ante, at 206, there appears to be no reason why a district court may not, in its discretion, extend the automatically excludable period of time under subparagraph (D) through any number of means, including: (1) extending the time to file an opposition brief, see Tr. of Oral Arg. 4; (2) extending the time to file a reply brief, see United States v. Latham, No. 82-CR-890, 1983 U. S. Dist. LEXIS 14219, *l-*3 (ND Ill., Aug. 30, 1983); (3) allowing prehearing supplemental briefing, see United States v. Faison, No. 06-4332, 2007 U. S. App. LEXIS 23298, *6-*9 (CA4, Oct. 4, 2007) (per curiam); (4) deferring the hearing on a pretrial motion, see United States v. Riley, 991 F. 2d 120, 124 (CA4 1993); (5) conducting multiple hearings on the motion or motions, e. g., United States v. Boone, Crim. No. 00-3 (JBS), 2002 WL 31761364, *20, n. 12 (D NJ, Dec. 6, 2002); or (6) allowing the filing of *226 posthearing submissions, see Henderson v. United States, 476 U. S. 321, 324 (1986). Indeed, in Henderson we held that 295 days of delay resulting from the filing of a pretrial motion were automatically excludable, and we noted that “Congress was aware of the breadth of the exclusion it was enacting.” Id., at 327.[6] The Court’s suggestion that its interpretation is necessary to protect the Act’s “timeliness guarantee,” ante, at 210, is illusory.
For a similar reason, the Court’s interpretation is not supported by the rule of construction that “‘[a] specific provision’ . . . ‘controls one[s] of more general application.’” Ante, at 207. This rule applies only when specific and general statutory provisions conflict. National Cable & Telecommunications Assn., Inc. v. Gulf Power Co., 534 U. S. 327, 335-336 (2002). Here, there is no conflict because, even if subparagraph (D) governs “delay resulting from any pretrial motion,” there is no basis for concluding that subparagraph (D) governs all “pretrial motion-related delay.”
B
Contrary to the Court’s claim, its decision is not supported by § 3161(h)(7)(A) (2006 ed., Supp. II), which excludes “delay resulting from a continuance” provided that the trial court “sets forth, in the record of the case, ... its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.” One might argue that a trial judge grants a “continuance” whenever the judge postpones a trial date, even when the postponement is the direct result of a proceeding that falls squarely within the language of subsection (h)(1) or one of the specific illustrative *227 subparagraphs that follow. See § 3161(h)(7)(A) (“[a]ny period of delay resulting from a continuance”). But such a reading would render subsection (h)(1) and subparagraphs (A)-(H) meaningless if it were true that all continuances required ends-of-justice findings. The plain terms of subsection (h)(1) refute this interpretation and show that Congress intended for some periods of delay that postpone the trial date to be automatically excludable.
Viewed in their proper context, subsection (h)(1) and its subparagraphs carve out exceptions to the general rule of § 3161(h)(7)(A) requiring ends-of-justice findings for continuances. See, e. g., United States v. Aviles-Alvarez, 868 F. 2d 1108, 1112 (CA9 1989) (noting that when pretrial motion delay is automatically excluded, the District Court “does not have to make findings or consider any factors”). A period of delay resulting from a continuance requires ends-of-justice findings only when it does not also fall within the subset of automatically excludable delay defined by subsection (h)(1). When a period of delay resulting from a continuance does qualify for automatic exclusion, a court ordinarily should give effect to the more specific provisions of subsection (h)(1). See Gozlon-Peretz v. United States, 498 U. S. 395, 407 (1991) (“A specific provision controls one of more general application”). Cf. ante, at 207-208.
For the reasons discussed, see supra, at 218-219, the granting of a defense request for an extension of time to complete pretrial motions is a “proeeedin[g] concerning the defendant” within the meaning of subsection (h)(1). It may also qualify as a “continuance” within the meaning of § 3161(h)(7)(A) if the delay has the effect of pushing back the trial date. But a court should resolve the conflict by applying the more specific provision of subsection (h)(1). This result is faithful not only to the plain language of the statute, but to its overall structure of providing a class of exceptions to the general rule that continuances require ends-of-justice findings. And it also recognizes that when defense counsel *228 argues that adequate pretrial motions cannot be completed within the time allotted and is granted an extension, it will generally go without saying that the judge has considered whether the ends of justice will be served by the extension, and requiring the judge to recite this determination on the record will often be an empty exercise.
III
The Court does not believe that its interpretation will have serious adverse consequences because trial judges, by making the on-the-record findings required under § 3161(h)(7) (2006 ed., Supp. II), may exclude delay resulting from the granting of a defense request for an extension to file pretrial motions. As this case illustrates, however, there will be cases in which busy district judges and magistrate judges will fail to make those findings, and indictments -will be dismissed for no good reason. If requiring findings on the record were cost and risk free, Congress would not have provided for the automatic exclusion of the broad category of delay encompassed by § 3161(h)(1) (2006 ed. and Supp. II).
The Court notes that, when a Speedy Trial Act violation occurs because of delay caused by an extension requested by the defense, a district court may dismiss the indictment without prejudice. But as we have recognized, even when a new indictment may be obtained, “substantial delay well may make reproseeution . . . unlikely.” United States v. Taylor, 487 U. S. 326, 342 (1988). Dismissal without prejudice is “not a toothless sanction,” ibid., and it is particularly inappropriate when brought about by a criminal defendant’s own delay.
IV
For these reasons, I would hold that the delay at issue in this case is automatically excluded for Speedy Trial Act purposes, and I would therefore affirm the decision of the Court of Appeals.

 United States v. Oberoi, 547 F. 3d 436, 448-451 (CA2 2008); 534 F. 3d 893, 897-898 (CA8 2008) (case below); United States v. Mejia, 82 F. 3d 1032, 1035-1036 (CA11 1996); United States v. Lewis, 980 F. 2d 555, 564 (CA9 1992); United States v. Mobile Materials, Inc., 871 F. 2d 902, 912-915 (per curiam), opinion supplemented on other grounds on rehearing, 881 F. 2d 866 (CA10 1989) (per curiam); United States v. Wilson, 835 F. 2d 1440, 1444-1445 (CADC 1987); United States v. Tibboel, 753 F. 2d 608, 610 (CA7 1985); United States v. Jodoin, 672 F. 2d 232, 237-239 (CA1 1982).

 The Court hints that the defense’s request for additional time might itself be a pretrial motion within the meaning of § 3161(h)(1)(D). Neither party relies on this theory. The Court of Appeals found that “Bloate never filed a pretrial motion.” 534 P. 3d, at 897.

 This much is clear from the Court’s own language. The Court writes that “although the period of delay the Government seeks to exclude in this case results from a proceeding governed by subparagraph (D), that period precedes the first day upon which Congress specified that such *221 delay may be automatically excluded.” Ante, at 207 (emphasis added). Subparagraph (D) does not speak of delay that results from a “proceeding,” ibid.; subsection (h)(1), however, does, see § 3161(h)(1) (2006 ed. and Supp. II).

 But even if petitioner had filed pretrial motions, the delay resulting from the granting of the extension still would not be delay “resulting from” the motion.

 The Court incorrectly states that the Courts of Appeals that have read subsection (h)(1) to exclude preparation time for pretrial motions have found it necessary to “impos[e] extratextual limitations on excludability,” namely, that the trial judge must expressly grant an extension of the time for the completion of pretrial motions. See ante, at 213. This requirement, however, springs from the language of subsection (h)(1), for it is the granting of the extension request that constitutes the “proceedin[g] concerning the defendant” that triggers the exclusion under subsection (h)(1). See supra, at 218.

 That the delay in Henderson was delay “resulting from [a] pretrial motion,” § 3161(h)(1)(D); see 476 U. S., at 322, 330-331, distinguishes that case from the scenario here, where no pretrial motion has been filed and the delay in question “results from a proceeding” that, in the Court’s view, is “governed by subparagraph (D).” Ante, at 207. Cf. ante, at 212, n. 14.