(Slip Opinion)　　　OCTOBER TERM, 2009　　　1

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is being done in connection with this case, at the time the opinion is issued. The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## BLOATE *v.* UNITED STATES

### CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT

No. 08–728.　Argued October 6, 2009—Decided March 8, 2010

The Speedy Trial Act of 1974 (Act) requires a criminal defendant's trial to commence within 70 days of his indictment or initial appearance, 18 U. S. C. §3161(c)(1), and entitles him to dismissal of the charges if that deadline is not met, §3162(a)(2). As relevant here, the Act automatically excludes from the 70-day period "delay resulting from . . . proceedings concerning the defendant," 18 U. S. C. A. §3161(h)(1) (hereinafter subsection (h)(1)), and separately permits a district court to exclude "delay resulting from a continuance" it grants, provided the court makes findings required by §3161(h)(7) (hereinafter subsection (h)(7)). Petitioner's indictment on federal firearm and drug possession charges started the 70-day clock on August 24, 2006. After petitioner's arraignment, the Magistrate Judge ordered the parties to file pretrial motions by September 13. On September 7, the court granted petitioner's motion to extend that deadline, but on the new due date, September 25, petitioner waived his right to file pretrial motions. On October 4, the Magistrate Judge found the waiver voluntary and intelligent. Over the next three months, petitioner's trial was delayed several times, often at petitioner's instigation. On February 19, 2007—179 days after he was indicted—he moved to dismiss the indictment, claiming that the Act's 70-day limit had elapsed. In denying the motion, the District Court excluded the time from September 7 through October 4 as pretrial motion preparation time. At trial, petitioner was found guilty on both counts and sentenced to concurrent prison terms. The Eighth Circuit affirmed the denial of the motion to dismiss, holding that the period from September 7 through October 4 was automatically excludable from the 70-day limit under subsection (h)(1).

*Held:* The time granted to *prepare* pretrial motions is not automatically

excludable from the 70-day limit under subsection (h)(1). Such time may be excluded only when a district court grants a continuance based on appropriate findings under subsection (h)(7). Pp. 6–18.

(a) The delay at issue is governed by subsection (h)(1)(D) (hereinafter subparagraph (D)), the enumerated category that renders automatically excludable "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." This provision communicates Congress' judgment that pretrial motion-related delay is automatically excludable *only* from the time a pretrial motion is filed through a specified hearing or disposition point, and that other pretrial motion-related delay is excludable only if it results in a continuance under subsection (h)(7). This limitation is significant because Congress knew how to define the boundaries of subsection (h)(1)'s enumerated exclusions broadly when it so desired. Although the period of delay the Government seeks to exclude in this case results from a proceeding governed by subparagraph (D), that period precedes the first day upon which Congress specified that such delay may be excluded automatically and thus is not automatically excludable. Pp. 7–10.

(b) This analysis resolves the automatic excludability inquiry because "[a] specific provision" (here, subparagraph (D)) "controls one[s] of more general application" (here, subsections (h)(1) and (h)(7)). *Gozlon-Peretz* v. *United States*, 498 U. S. 395, 407. A contrary result would depart from the statute in a manner that underscores the propriety of this Court's approach. Subsection (h)(1)'s phrase "including but not limited to" does not show that subsection (h)(1) permits automatic exclusion of delay related to an enumerated category of proceedings, but outside the boundaries set forth in the subparagraph expressly addressed to that category. That would confuse the illustrative nature of the subsection's list of categories with the contents of the categories themselves. Reading the "including but not limited to" clause to modify the contents of each subparagraph in the list as well as the list itself would violate settled statutory construction principles by ignoring subsection (h)(1)'s structure and grammar and in so doing rendering even the clearest of the subparagraphs indeterminate and virtually superfluous. See generally *id.,* at 410. Subsection (h)(1)'s context supports this Court's conclusion. Subsection (h)(7) provides that delay "resulting from a continuance granted by any judge" *may* be excluded, but only if the judge finds that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," and records those findings. In setting forth the statutory factors justifying a subsection (h)(7) continuance, Congress twice recognized the importance of ade-

quate pretrial preparation time.    See §§3161(h)(7)(B)(ii), 3161(h)(7)(B)(iv).  The Court's determination that the delay at issue is not automatically excludable gives full effect to subsection (h)(7), and respects its provisions for excluding certain types of delay only where a district court makes findings justifying the exclusion.  The Court's precedents also support this reading of subsection (h)(1).  See *Zedner* v. *United States*, 547 U. S. 489, 502.  Pp. 10–16.

(c) The Act does not force a district court to choose between rejecting a defendant's request for time to prepare pretrial motions and risking dismissal of the indictment if preparation time delays the trial.  A court may still exclude preparation time under subsection (h)(7) by granting a continuance for that purpose based on recorded findings.  Subsection (h)(7) provides "[m]uch of the Act's flexibility," *Zedner*, 547 U. S., at 498, giving district courts "discretion . . . to accommodate limited delays for case-specific needs," *id.*, at 499.  The Government suggests that a district court may fail to make the necessary subsection (h)(7) findings, leading to a windfall gain for a defendant who induces delay beyond the 70-day limit.  But dismissal need not represent a windfall.  If the court dismisses the charges *without prejudice*, the Government may refile charges or reindict.  In ruling on a motion to dismiss under the Act, the district court should consider, *inter alia,* the party responsible for the delay.  Pp. 16–18.

(d) This Court does not consider whether any of the Act's other exclusions would apply to all or part of the September 7 through October 4 period that is not automatically excludable under subsection (h)(1).  P. 18.

534 F. 3d 893, reversed and remanded.

THOMAS, J., delivered the opinion of the Court, in which ROBERTS, C. J., and STEVENS, SCALIA, KENNEDY, GINSBURG, and SOTOMAYOR, JJ., joined.  GINSBURG, J., filed a concurring opinion.  ALITO, J., filed a dissenting opinion, in which BREYER, J., joined.

NOTICE: This opinion is subject to formal revision before publication in the preliminary print of the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, of any typographical or other formal errors, in order that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

_____

No. 08–728

_____

## TAYLOR JAMES BLOATE, PETITIONER *v.* UNITED STATES

### ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT

[March 8, 2010]

JUSTICE THOMAS delivered the opinion of the Court.

The Speedy Trial Act of 1974 (Speedy Trial Act or Act), 18 U. S. C. §3161 *et seq.,* requires that a criminal defendant's trial commence within 70 days after he is charged or makes an initial appearance, whichever is later, see §3161(c)(1), and entitles him to dismissal of the charges if that deadline is not met, §3162(a)(2). The Act, however, excludes from the 70-day period delays due to certain enumerated events. §3161(h). As relevant here, "delay resulting from . . . proceedings concerning the defendant" is automatically excludable from a Speedy Trial Act calculation.[1] 18 U. S. C. A. §3161(h)(1) (Supp. 2009) (hereinaf-

_____

[1] The excludability of delay "resulting from . . . proceedings" under subsection (h)(1) is "automatic" in the sense that a district court must exclude such delay from a Speedy Trial Act calculation without any further analysis as to whether the benefit of the delay outweighs its cost. For delays resulting from proceedings under subsection (h)(1), Congress already has determined that the benefit of such delay outweighs its cost to a speedy trial, regardless of the specifics of the case. The word "automatic" serves as a useful shorthand. See, *e.g.*, *United States* v. *Lucky*, 569 F. 3d 101, 106 (CA2 2009) ("Some exclusions are automatic. Other exclusions require judicial action" (citation omitted)).

ter subsection (h)(1)). In addition, "delay resulting from a continuance" granted by the district court may be excluded if the district court makes the findings required by §3161(h)(7) (hereinafter subsection (h)(7)).

This case requires us to decide the narrow question whether time granted to a party to *prepare* pretrial motions is automatically excludable from the Act's 70-day limit under subsection (h)(1), or whether such time may be excluded only if a court makes case-specific findings under subsection (h)(7). The Court of Appeals for the Eighth Circuit held that pretrial motion preparation time is automatically excludable under subsection (h)(1).[2] 534 F. 3d 893, 898 (2008). We granted certiorari, 556 U. S. ___ (2009), and now reverse.

## I

### A

On August 2, 2006, police officers surveilling an apartment building for drug activity saw petitioner and his girlfriend enter a car parked in front of the building and drive away. After observing petitioner commit several traffic violations, the officers stopped the vehicle. They approached the car and noticed two small bags of cocaine on petitioner's lap. After the officers read petitioner his *Miranda* warnings, petitioner made inculpatory statements. See *Miranda* v. *Arizona*, 384 U. S. 436 (1966). Petitioner denied any association with the apartment building where the car had been parked, but his girlfriend admitted that she lived there and consented to a search of

———————

[2] After the Eighth Circuit issued its decision below, Congress passed the Judicial Administration and Technical Amendments Act of 2008, 122 Stat. 4291, which made technical changes to the Speedy Trial Act, including the renumbering of several provisions. The amendments did not change the substance of any provision relevant here. Accordingly, in this opinion, including our discussions of the orders and decisions under review, we refer only to the current version of the Act.

her residence. The officers who conducted the search uncovered several items that belonged to petitioner, including an identification card, cocaine, three firearms, ammunition, and a bulletproof vest. The police arrested petitioner the next day.

On August 24, a grand jury indicted petitioner for being a felon in possession of a firearm, in violation of 18 U. S. C. §922(g)(1), and for knowing and intentional possession with intent to distribute more than five grams of cocaine, in violation of 21 U. S. C. §841(a)(1). The August 24 indictment started the Speedy Trial Act's 70-day clock. See 18 U. S. C. §3161(c)(1). After petitioner's arraignment on September 1, a Magistrate Judge entered a scheduling order requiring, *inter alia*, that the parties file pretrial motions by September 13.

On September 7, petitioner filed a motion to extend the deadline to file pretrial motions from September 13 to September 21. The Magistrate Judge granted the motion and extended the deadline by an extra four days beyond petitioner's request, to September 25. On September 25, however, petitioner filed a "Waiver of Pretrial Motions" advising the court that he did not wish to file any pretrial motions.

On October 4, the Magistrate Judge held a hearing to consider petitioner's "waiver," at which petitioner confirmed that he wished to waive his right to file pretrial motions. After a colloquy, the Magistrate Judge found that petitioner's waiver was voluntary and intelligent.

Over the next three months, petitioner's trial was delayed for several reasons. Though these delays are not directly relevant to the question presented here, we recount them to explain the full context in which that question arises. On November 8, petitioner moved to continue the trial date, stating that his counsel needed additional time to prepare for trial. The District Court granted the motion and reset the trial for December 18.

The parties then met informally and prepared a plea agreement, which they provided to the court. The District Court scheduled a change of plea hearing for December 20. At the hearing, however, petitioner declined to implement the agreement and requested a new attorney. The District Court rescheduled the trial for February 26, 2007, granted petitioner's attorney's subsequent motion to withdraw, and appointed new counsel.

On February 19, 2007—179 days after petitioner was indicted—petitioner moved to dismiss the indictment, claiming that the Act's 70-day limit had elapsed. The District Court denied the motion. In calculating how many of the 179 days counted toward the 70-day limit, the District Judge excluded the period from September 7 through October 4 as "within the extension of time granted to file pretrial motions."[3]          Order in No. 4:06CR518–SNL (ED Mo.), Doc. 44, p. 2.

In late February, a matter arose in an unrelated case on the District Court's docket, which required the court to reschedule petitioner's trial. After obtaining the consent of the parties and finding that a continuance would serve the public interest, the District Court continued petitioner's trial from February 26 to March 5, 2007. Petitioner's 2-day trial began on that date. The jury found petitioner guilty on both counts and the District Court

———————

[3] In addition, the District Judge excluded the continuance granted on November 9 (resetting the trial for December 18) under §3161(h)(7)(A), and excluded the time from November 9 through December 20 as delay resulting from a plea agreement under §3161(h)(1)(G). He further excluded the time from December 20 through February 26 "as it . . . resulted from [petitioner's] election not to implement a plea agreement, and his request to the court to have new counsel appointed for him." Order in No. 4:06CR518–SNL (ED Mo.), Doc. 44, p. 3. The judge stated on the record that these continuances were necessary to ensure that "the ends of justice could more properly be served" and "obviously outweighed the best interest of the public and the defendant to a Speedy Trial." *Ibid.*

later sentenced him to concurrent 30-year terms of imprisonment.

## B

Petitioner appealed his convictions and sentence to the Eighth Circuit, which affirmed the denial of his motion to dismiss for a Speedy Trial Act violation. As relevant, the Court of Appeals agreed with the District Court that the time from September 7 (the original deadline for filing pretrial motions) through October 4 (when the trial court held a hearing on petitioner's decision to waive the right to file pretrial motions) was excludable from the Act's 70-day limit. Although the District Court did not identify which provision of the Act supported this exclusion, the Court of Appeals held that "pretrial motion preparation time" is automatically excludable under subsection (h)(1)—which covers "delay resulting from other proceedings concerning the defendant"—as long as "the [district] court specifically grants time for that purpose." 534 F. 3d, at 897.[4] In reaching this conclusion, the Eighth Circuit joined seven other Courts of Appeals that interpret subsection (h)(1) the same way.[5] Two Courts of Appeals, the Fourth and

---------

[4] In addition, the Court of Appeals affirmed the District Court's order excluding the time from November 9 to, and including, December 18 and from December 20 to, and including, February 23 as delays resulting from continuances under §3161(h)(7) and §3161(h)(7)(B)(iv), respectively. The Court of Appeals did not address whether to exclude December 19. Nor did it decide whether to exclude the delay from February 23 to March 5, because even if those days were included, "only 58 days passed between [petitioner]'s indictment and trial, fewer than the 70 allowed by the Speedy Trial Act." 534 F. 3d, at 900.

[5] See *United States* v. *Oberoi*, 547 F. 3d 436, 448–451 (CA2 2008); 534 F. 3d 893, 897–898 (CA8 2008) (case below); *United States* v. *Mejia,* 82 F. 3d 1032, 1035–1036 (CA11 1996); *United States* v. *Lewis*, 980 F. 2d 555, 564 (CA9 1992); *United States* v. *Mobile Materials, Inc.*, 871 F. 2d 902, 912–915 *(per curiam)*, opinion supplemented on other grounds on rehearing, 881 F. 2d 866 (CA10 1989) *(per curiam); United States* v. *Wilson*, 835 F. 2d 1440, 1444–1445 (CADC 1987); *United States* v.

Sixth Circuits, interpret subsection (h)(1) differently, holding that time for preparing pretrial motions is outside subsection (h)(1)'s scope.[6] We granted certiorari to resolve this conflict.

## II

As noted, the Speedy Trial Act requires that a criminal defendant's trial commence within 70 days of a defendant's initial appearance or indictment, but excludes from the 70-day period days lost to certain types of delay. Section 3161(h) specifies the types of delays that are excludable from the calculation. Some of these delays are excludable only if the district court makes certain findings enumerated in the statute. See §3161(h)(7). Other delays are automatically excludable, *i.e.*, they may be excluded without district court findings. As relevant here, subsection (h)(1) requires the automatic exclusion of "[a]ny period of delay resulting from other proceedings concerning the defendant, including but not limited to" periods of delay resulting from eight enumerated subcategories of proceedings.[7] The Government contends that the time the

---

*Tibboel*, 753 F. 2d 608, 610 (CA7 1985); *United States* v. *Jodoin*, 672 F. 2d 232, 237–239 (CA1 1982).

[6] See *United States* v. *Jarrell*, 147 F. 3d 315, 317–318 (CA4 1998); *United States* v. *Moran*, 998 F. 2d 1368, 1370–1371 (CA6 1993).

[7] The full text of subsection (h)(1) reads as follows:

"(h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:

"(1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to—

"(A) delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant;

"(B) delay resulting from trial with respect to other charges against the defendant;

"(C) delay resulting from any interlocutory appeal;

District Court granted petitioner to prepare his pretrial motions is automatically excludable under subsection (h)(1). We disagree, and conclude that such time may be excluded only when a district court enters appropriate findings under subsection (h)(7).

### A

The eight subparagraphs in subsection (h)(1) address the automatic excludability of delay generated for certain enumerated purposes. Thus, we first consider whether the delay at issue in this case is governed by one of these subparagraphs. It is.

The delay at issue was granted to allow petitioner sufficient time to file pretrial motions.[8] Subsection (h)(1)(D) (hereinafter subparagraph (D)) renders automatically excludable "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." Read, as it must be, in the context of subsection (h), this

––––––––––

"(D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;

"(E) delay resulting from any proceeding relating to the transfer of a case or the removal of any defendant from another district under the Federal Rules of Criminal Procedure;

"(F) delay resulting from transportation of any defendant from another district, or to and from places of examination or hospitalization, except that any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable;

"(G) delay resulting from consideration by the court of a proposed plea agreement to be entered into by the defendant and the attorney for the Government; and

"(H) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court."

[8] See Defendant's Request for Additional Time To File Pre-trial Motions in No. 4:06CR518–SNL (TCM) (ED Mo.), Doc. 19; Order in No. 4:06CR518–SNL (ED Mo.), Doc. 44 (granting same).

text governs the automatic excludability of delays "result-ing" from a specific category of "proceedings concerning the defendant," namely, proceedings involving pretrial motions.[9] Because the delay at issue here results from a decision granting time to prepare pretrial motions, if not from a pretrial motion itself (the defendant's request for additional time), it is governed by subparagraph (D). But that does not make the delay at issue here automatically excludable.

Subparagraph (D) does not subject all pretrial motion-related delay to automatic exclusion. Instead, it renders automatically excludable only the delay that occurs "*from the filing* of the motion through the conclusion of the hearing on, or other prompt disposition of" the motion.

---

[9] The dissent argues that this conclusion lacks "force" because "[i]t is at least doubtful . . . that the delay at issue in the present case is delay 'resulting from [a] pretrial motion.'" *Post*, at 4 (opinion of ALITO, J.). According to the dissent, "delay 'resulting from' a pretrial motion is delay that occurs as a consequence of such a motion," which the "type of delay involved in the present case" does not." *Post,* at 4–5 (arguing that the delay in this case instead "occurs as a consequence of the court's granting of a defense request for an extension of time").

The dissent's position, which rests upon a dictionary definition of two isolated words, does not account for the governing statutory context. For the reasons we explain, the text and structure of subsection (h) support our conclusion that subparagraph (D) governs the automatic excludability of delays "resulting from" proceedings involving pretrial motions. As the dissent concedes, defining "resulting from" to mean "as a consequence of" does not foreclose our interpretation. That is because the dissent's definition of "resulting from" leaves ample room to con-clude that the delay at issue here is "a consequence of" the category of proceedings covered by subparagraph (D), whether one views the delay "as a consequence of" a proceeding involving pretrial motions, or "as a consequence of" a pretrial motion itself (the defense request for addi-tional time). At bottom, the dissent's position is not that our interpre-tation is foreclosed by the Act; it is that the dissent's interpretation is preferable. We disagree because the dissent's interpretation, among other things, fails to account fully for the text and structure of subsec-tion (h)(1) and renders much of subsection (h)(7) a nullity.

(Emphasis added.)  In so doing, the provision communicates Congress' judgment that delay resulting from pretrial motions is automatically excludable, *i.e.*, excludable without district court findings, *only* from the time a motion is filed through the hearing or disposition point specified in the subparagraph, and that other periods of pretrial motion-related delay are excludable only when accompanied by district court findings.[10]

This limitation is significant because Congress knew how to define the boundaries of an enumerated exclusion broadly when it so desired.  Subsection (h)(1)(A) (hereinafter subparagraph (A)), for example, provides for the automatic exclusion of "delay resulting from any proceeding, *including* any examinations, to determine the mental competency or physical capacity of the defendant."  (Emphasis added.)  With the word "including," Congress indicated that other competency-related proceedings besides "examinations" might fall within subparagraph (A)'s automatic exclusion.  In subparagraph (D), by contrast, Congress declined to use an expansive or illustrative term such as "including," and provided instead that only pretrial motion-related delay "from the filing" of a motion to the hearing or disposition point specified in the provision is automatically excludable from the Act's 70-day limit.

Thus, although the period of delay the Government seeks to exclude in this case results from a proceeding

––––––––––

[10] This conclusion flows not only from subparagraph (D)'s text, but also from its structure.  As noted, subparagraph (D) excludes from the 70-day period "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion."  In this case, the comma after the first phrase indicates that the second phrase modifies the scope of excludable delay referred to in the first.  Thus, subparagraph (D)'s automatic exclusion for delay "resulting from" a pretrial motion is limited to delay that occurs from the filing of the motion through the endpoints identified in the provision.

governed by subparagraph (D), that period precedes the first day upon which Congress specified that such delay may be automatically excluded. The result is that the pretrial motion preparation time at issue in this case is not automatically excludable.[11]

### B

The foregoing analysis resolves our inquiry into automatic excludability because "[a] specific provision" (here, subparagraph (D)) "controls one[s] of more general application" (here, subsections (h)(1) and (h)(7)). *Gozlon-Peretz* v. *United States*, 498 U. S. 395, 407 (1991). In arguing that this principle applies, but requires a result different from the one we reach, the dissent (like the Government and several Courts of Appeals) departs from the statute in a manner that underscores the propriety of our approach.

### 1

There is no question that subparagraph (D) is more specific than the "general" language in subsection (h)(1), *post*, at 2, 6, or that "[g]eneral language of a statutory provision, although broad enough to include it, will not be held to apply to a matter specifically dealt with in another part of the same enactment," *D. Ginsberg & Sons, Inc.* v. *Popkin*, 285 U. S. 204, 208 (1932). We part company with the dissent because we conclude that subparagraph (D) governs the period of delay at issue in this case. The dissent does not object to this conclusion on the ground that it is foreclosed by the statute. See *post,* at 5 (asserting that the delay at issue in this case is "not necessarily" covered by subparagraph (D)). Instead, it joins the Gov-

---

[11] Whether the defendant actually files a pretrial motion for which he requests additional time is irrelevant to this analysis. Even if he files such a motion, that filing may not be used to bootstrap into the period of automatically excludable delay *pre*-filing preparation time that subparagraph (D) does not render automatically excludable.

ernment in asserting that the Act is amenable to another interpretation that would avoid the "strange result" that "petitioner may be entitled to dismissal of the charges against him because his attorney persuaded a Magistrate Judge to give the defense additional time to prepare pretrial motions and thus delayed the commencement of his trial." *Post*, at 1. This argument takes aim at an exaggerated target. Because we conclude that the type of delay at issue here is excludable under subsection (h)(7), courts can in future cases easily avoid the result the dissent decries, a result that is not certain even in this case. See *infra*, at 17–18. And even if dismissal is ultimately required on remand, a desire to avoid this result does not justify reading subsection (h)(1) (and specifically its reference to "other proceedings concerning the defendant") to permit automatic exclusion of delay resulting from virtually any decision to continue a deadline.

The dissent first argues that the delay in this case is automatically excludable under subsection (h)(1) because the provision's use of the phrase "including but not limited to" shows that subsection (h)(1) permits automatic exclusion of delays beyond those covered by its enumerated subparagraphs. See *post*, at 3; see also *United States* v. *Oberoi*, 547 F. 3d 436, 450 (CA2 2008). This argument confuses the illustrative nature of subsection (h)(1)'s list of categories of excludable delay (each of which is represented by a subparagraph) with the contents of the categories themselves. That the list of categories is illustrative rather than exhaustive in no way undermines our conclusion that a delay that falls *within* the category of delay addressed by subparagraph (D) is governed by the limits in that subparagraph. The "including but not limited to" clause would affect our conclusion only if one read it to modify the contents of subparagraph (D) as well as the list itself. As noted, such a reading would violate settled principles of statutory construction because it would ig-

nore the structure and grammar of subsection (h)(1), and in so doing render even the clearest of the subparagraphs indeterminate and virtually superfluous. See *Gozlon-Peretz*, *supra*, at 410; *Duncan* v. *Walker*, 533 U. S. 167, 174 (2001) ("[A] statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant" (internal quotation marks omitted)). Our reading avoids these problems by treating the list as illustrative, but construing each of the eight subparagraphs in (h)(1) to govern, conclusively unless the subparagraph itself indicates otherwise, see, *e.g.*, §3161(h)(1)(A); *supra*, at 9, the automatic excludability of the delay resulting from the category of proceedings it addresses.

The dissent responds that, even if subparagraph (D)'s limits are conclusive rather than merely illustrative, we should automatically exclude the delay at issue here under subsection (h)(1)'s opening clause, see *post*, at 2, because it is not "clear" that the delay is governed by the more specific (and restrictive) language in subparagraph (D). *Post*, at 5. We decline this invitation to use the alleged uncertainty in subparagraph (D)'s scope as a justification for disregarding its limits and instead expanding, through liberal interpretation of subsection (h)(1)'s generic opening clause,[12] what the dissent itself describes as the automatic exclusion "exceptio[n]" to the Act's 70-day period and the Act's "general rule" requiring "ends-of-justice findings for

———————

[12] The dissent argues that the relevant "proceeding" in this case is the District Court's disposition of petitioner's motion for additional time to file pretrial motions. See *post*, at 2. If that were correct, any order disposing of a motion—including a pretrial motion under subparagraph (D)—would be a separate "proceeding," and any resulting delay would be automatically excludable. The dissent's reading renders superfluous the two provisions in subsection (h)(7) that require findings for the exclusion of time necessary for "adequate preparation for pretrial proceedings," §3161(h)(7)(B)(ii), and "effective preparation," §3161(h)(7)(B)(iv). See also *infra*, at 13–14.

continuances." *Post*, at 11.

On the dissent's reading of subsection (h)(1), a court could extend by weeks or months, without any finding that the incursion on the Act's timeliness guarantee is justified, the entire portion of a criminal proceeding for which the Act sets a default limit of 70 days. The problem with this reading is clear: It relies on an interpretation of subsection (h)(1) that admits of no principled, text-based limit on the definition of a "proceeding concerning the defendant," and thus threatens the Act's manifest purpose of ensuring speedy trials by construing the Act's automatic exclusion exceptions in a manner that could swallow the 70-day rule. This approach is not justified, much less compelled, by the textual ambiguities and legislative history upon which the dissent relies. Nor is it justified by the prospect, however appealing, of reaching a different result in this case. Hence our conclusion that the text and structure of subsection (h)(1) do not permit automatic exclusion of the delay at issue in this case.

2

Our conclusion is further supported by subsection (h)(1)'s context, particularly neighboring subsection (h)(7). Subsection (h)(7) provides that delays "resulting from a continuance granted by any judge" *may* be excluded, but only if the judge finds that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial" and records those findings. In setting forth the statutory factors that justify a continuance under subsection (h)(7), Congress twice recognized the importance of adequate pretrial preparation time. See §3161(h)(7)(B)(ii) (requiring a district court to consider whether the "unusual" or "complex" nature of a case makes it "unreasonable to expect *adequate preparation* for pretrial proceedings or for the trial itself within the time limits" (emphasis added)); §3161(h)(7)(B)(iv)

(requiring a district court to consider in other cases "[w]hether the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the Government the *reasonable time necessary for effective preparation*, taking into account the exercise of due diligence" (emphasis added)). Our determination that the delay at issue here is not automatically excludable gives full effect to subsection (h)(7), and respects its provisions for excluding certain types of delay only where district court makes findings justifying the exclusion.[13] Cf. *post*, at 11–12 (construing subsection (h)(1) in a manner that could encompass, and govern, delays expressly within subsection (h)(7)'s purview).

3

Finally, our Speedy Trial Act precedents support our reading of subsection (h)(1). We recently explained that the Act serves not only to protect defendants, but also to vindicate the public interest in the swift administration of justice. We thus held that a defendant may not opt out of the Act even if he believes it would be in his interest; "[a]llowing prospective waivers would seriously undermine the Act because there are many cases . . . in which the prosecution, the defense, and the court would all be happy to opt out of the Act, to the detriment of the public inter-

---

[13] Had Congress wished courts to exclude pretrial motion preparation time automatically, it could have said so. As noted, subsection (h)(7) twice refers to preparation time to explain the kinds of continuances that a court may grant in the interests of justice. See §§3161(h)(7)(B)(ii), (h)(7)(B)(iv). Congress easily could have referred to preparation time similarly in subsection (h)(1). See, *e.g.*, Speedy Trial Act Amendments Act of 1979, H. R. 3630, 96th Cong., 1st Sess., §5(c) (1979) (proposing to exclude under subparagraph (D) all "delay resulting from *the preparation* and service of pretrial motions and responses and from hearings thereon" (emphasis added)). Congress did not do so, and we are bound to enforce only the language that Congress and the President enacted.

est." *Zedner* v. *United States*, 547 U. S. 489, 502 (2006).[14]

Courts of Appeals that have read subsection (h)(1) to exclude automatically pretrial motion preparation time have reasoned that their interpretation is necessary to provide defendants adequate time to build their defense. See, *e.g.*, *United States* v. *Mobile Materials, Inc.*, 871 F. 2d 902, 913 *(per curiam)*, opinion supplemented on other grounds on rehearing, 881 F. 2d 866 (CA10 1989) *(per curiam)*. Yet these same courts have recognized that reading subsection (h)(1) to exclude *all* time for preparing pretrial motions would undermine the guarantee of a speedy trial, and thus harm the public interest we have recognized in preserving that guarantee even where one or both parties to a proceeding would be willing to waive it. See *Zedner*, *supra*, at 502. To avoid a result so inconsistent with the statute's purpose—*i.e.*, "to avoid creating a big loophole in the statute," *United States* v. *Tibboel*, 753 F. 2d 608, 610 (CA7 1985)—these courts have found it necessary to craft limitations on the automatic exclusion for pretrial motion preparation time that their interpretation of subsection (h)(1) otherwise would allow. See, *e.g.*, *ibid.* (stating that pretrial motion preparation time may be automatically excluded under subsection (h)(1) only when "*the judge has expressly granted a party time for that purpose*" (emphasis added)); *Oberoi*, 547 F. 3d, at 450 ("This . . . qualification prevents abuse. Without it, either

————————

[14] Our interpretation of the Act accords with this and other precedents in a way the dissent's interpretation does not. In *Henderson* v. *United States*, 476 U. S. 321, 322 (1986), for example, we carefully examined the text of §3161(h)(1)(F) (now codified as subparagraph (D)) to determine whether certain periods of pretrial motion-related delay were automatically excludable. Such careful parsing would seem unnecessary were the dissent right that subparagraph (D) does not conclusively define the maximum period of excludable delay for the category of pretrial motion-related proceedings and that such delay may simply be excluded under subsection (h)(1).

party 'could delay trial indefinitely merely by working on pretrial motions right up to the eve of trial'").

The fact that courts reading subsection (h)(1) to exclude preparation time have imposed extratextual limitations on excludability to avoid "creating a big loophole in the statute," *Tibboel, supra*, at 610, underscores the extent to which their interpretation—and the dissent's—strays from the Act's text and purpose. As noted, subsection (h)(7) expressly accounts for the possibility that a district court would need to delay a trial to give the parties adequate preparation time. An exclusion under subsection (h)(7) is not automatic, however, and requires specific findings. Allowing district courts to exclude automatically such delays would redesign this statutory framework.

C

We also note that some of the Courts of Appeals that have interpreted subsection (h)(1) to exclude automatically pretrial motion preparation time have reasoned that a contrary reading of that provision would lay "a trap for trial judges" by forcing them to risk a Speedy Trial Act violation if they wish to grant a defendant's request for additional time to prepare a pretrial motion, *United States* v. *Wilson*, 835 F. 2d 1440, 1444 (CADC 1987); see also *Oberoi, supra,* at 450.

We acknowledge that it would be unpalatable to interpret the Speedy Trial Act to "trap" district courts for accommodating a defendant's request for additional time to prepare pretrial motions, particularly in a case like this. Petitioner instigated all of the pretrial delays except for the final continuance from February 26 to March 5. And the record clearly shows that the Magistrate Judge and the District Court diligently endeavored to accommodate petitioner's requests—granting his motion for an extension of time to decide whether to file pretrial motions, his motion for a continuance, and his motion for a new attor-

ney and for time to allow this new attorney to become familiar with the case. Fortunately, we can abide by the limitations Congress imposed on the statutory rights at issue here without interpreting the Act in a manner that would trap trial courts.

For the reasons we explained above, neither subparagraph (D) nor subsection (h)(1) automatically excludes time granted to prepare pretrial motions. This conclusion does not lay a "trap for trial judges" because it limits (in a way the statute requires) only automatic exclusions. In considering any request for delay, whether the exclusion of time will be automatic or not, trial judges always have to devote time to assessing whether the reasons for the delay are justified, given both the statutory and constitutional requirement of speedy trials. Placing these reasons in the record does not add an appreciable burden on these judges. Neither are district courts forced to choose between rejecting a defendant's request for time to prepare pretrial motions and risking dismissal of the indictment if preparation time delays the trial. Instead, a district court may exclude preparation time under subsection (h)(7) if it grants a continuance for that purpose based on recorded findings "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Subsection (h)(7) provides "[m]uch of the Act's flexibility," *Zedner*, 547 U. S., at 498, and gives district courts "discretion—within limits and subject to specific procedures—to accommodate limited delays for case-specific needs," *id.*, at 499. The statutory scheme thus ensures that district courts may grant necessary pretrial motion preparation time without risking dismissal.

Still, the Government suggests that, in some cases, a district court may fail to make the findings necessary for an exclusion under subsection (h)(7), leading to a windfall gain for a defendant who induces delay beyond the Act's

70-day limit. Dismissal, however, need not represent a windfall. A district court may dismiss the charges *without prejudice*, thus allowing the Government to refile charges or reindict the defendant. 18 U. S. C. §3162(a)(1). In ruling upon a motion to dismiss under the Act, a district court should consider, among other factors, the party responsible for the delay. See *ibid.* ("In determining whether to dismiss the case with or without prejudice, the [district] court shall consider, among others, each of the following factors: the seriousness of the offense; *the facts and circumstances of the case which led to the dismissal*; and the impact of a reprosecution on the administration of this chapter and on the administration of justice" (emphasis added)); see also *United States* v. *Taylor*, 487 U. S. 326, 343 (1988) ("Seemingly ignored were the brevity of the delay and the consequential lack of prejudice to respondent, as well as respondent's own illicit contribution to the delay").

## III

Based on this analysis, we hold that the 28-day period from September 7 through October 4, which includes the additional time granted by the District Court for pretrial motion preparation, is not automatically excludable under subsection (h)(1). The Court of Appeals did not address whether any portion of that time might have been otherwise excludable. Nor did the Government assert in its merits brief that another provision of the Act could support exclusion, presenting the argument that September 25 through October 4 could be excluded separately only in its brief in opposition to certiorari and during oral argument. We therefore do not consider whether any other exclusion would apply to all or part of the 28-day period. Instead, we reverse the judgment of the Court of Appeals for the Eighth Circuit and remand the case for further proceedings consistent with this opinion.

*It is so ordered.*

# SUPREME COURT OF THE UNITED STATES

No. 08–728

TAYLOR JAMES BLOATE, PETITIONER *v.* UNITED STATES

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT

[March 8, 2010]

JUSTICE GINSBURG, concurring.

In its brief in opposition to Bloate's petition for certiorari, the Government argued that the indictment against Bloate need not be dismissed even if, as the Court today holds, the additional time Bloate gained to prepare pretrial motions does not qualify for automatic exclusion from the Speedy Trial Act's 70-day limit. I join the Court's opinion on the understanding that nothing in the opinion bars the Eighth Circuit from considering, on remand, the Government's argument that the indictment, and convictions under it, remain effective.

Bloate moved, on September 7, 2006, to extend the deadline for filing pretrial motions. The Magistrate Judge granted Bloate's request that same day, extending the deadline from September 13 to September 25. Having gained more time, Bloate decided that pretrial motions were unnecessary after all. Accordingly, on September 25, he filed a proposed waiver of his right to file such motions. On October 4, the Magistrate Judge accepted the waiver following a hearing at which the judge found the waiver knowing and voluntary. As urged by the Government, even if the clock continued to run from September 7,

> "it stopped on September 25, when [Bloate] filed a pleading advising the court that he had decided not to raise any issues by pretrial motion. . . . Although not

> labeled a pretrial motion, that pleading required a
> hearing . . . and served essentially as a motion for
> leave to waive the right to file pretrial motions. . . .
> The [Speedy Trial Act] clock thus stopped . . . under
> 18 U. S. C. A. 3161(h)(1)[(D)] until the matter was
> heard by the court on October 4, 2006." Brief in Op-
> position 11–12.

By the Government's measure, excluding the time from
September 25 through October 4 would reduce the number
of days that count for Speedy Trial Act purposes to 65, 5
days short of the Act's 70-day threshold. See *id.,* at 12.

The Government reiterated this contention at oral
argument. "[E]ven if the time starting on September 7th
[i]s not excluded," counsel said, Bloate's September 25
filing "trigger[ed] its own exclusion of time" until the
hearing held by the Magistrate Judge on October 4. Tr. of
Oral Arg. 34. See also *id.*, at 45–48. This argument, the
Government suggested, "should be taken into account on
any remand." *Id.*, at 34. See also *id.*, at 43–44 ("[I]f the
Court thinks that an incorrect amount of time . . . was . . .
excluded, . . . the appropriate thing to do in that circum-
stance would be for the Court to leave that open on re-
mand, assuming that it's . . . preserved.").

The question presented and the parties' merits briefs
address only whether time granted to prepare pretrial
motions is automatically excludable under 18 U. S. C. A.
§3161(h)(1) (Supp. 2009). As a court of ultimate review,
we are not positioned to determine, in the first instance,
and without full briefing and argument, whether the time
from September 25 to October 4 should be excluded from
the Speedy Trial Act calculation. But the Eighth Circuit is
not similarly restricted. It may therefore consider, after
full airing, the Government's argument that Bloate's
indictment should not be dismissed despite his success in

GINSBURG, J., concurring

this Court.*

_____

*Bloate contends that the Government forfeited this argument by earlier failing to urge exclusion of this discrete period in the District Court or the Eighth Circuit. Reply to Brief in Opposition 10–11; Tr. of Oral Arg. 58. Whether the Government preserved this issue and, if it did not, whether any exception to the ordinary forfeiture principle applies, are matters within the Eighth Circuit's ken.

# SUPREME COURT OF THE UNITED STATES

_____

No. 08–728

_____

TAYLOR JAMES BLOATE, PETITIONER *v.* UNITED
STATES

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF
APPEALS FOR THE EIGHTH CIRCUIT

[March 8, 2010]

JUSTICE ALITO, with whom JUSTICE BREYER joins,
dissenting.

The Court's interpretation of the Speedy Trial Act of
1974 (Speedy Trial Act or Act) is not supported by the text
or the legislative history of the Act.  Under the Court's
interpretation, petitioner may be entitled to dismissal of
the charges against him because his attorney persuaded a
Magistrate Judge to give the defense additional time to
prepare pretrial motions and thus delayed the com-
mencement of his trial.  The Speedy Trial Act does not
require this strange result.

## I
### A

The Speedy Trial Act generally requires a federal crimi-
nal trial to begin within 70 days after the defendant is
charged or appears in court, but certain pretrial periods
are excluded from the 70-day calculation.  See 18
U. S. C. A. §3161 (2000 ed. and Supp. 2009).  The provi-
sion at issue here, §3161(h)(1) (Supp. 2009), automatically
excludes "[a]ny period of delay resulting from other pro-
ceedings concerning the defendant, including but not
limited to" eight specific types of delay that are set out in
subparagraphs (A)–(H).  Eight Courts of Appeals have

held[1]—and I agree—that a delay resulting from the grant-
ing of a defense request for additional time to complete
pretrial motions is a delay "resulting from [a] proceedin[g]
concerning the defendant" and is thus automatically ex-
cluded under §3161(h)(1).

B

In considering the question presented here, I begin with
the general language of §3161(h)(1), which, as noted,
automatically excludes any "delay resulting from other
proceedings concerning the defendant." (For convenience,
I will refer to this portion of the statute as "subsection
(h)(1).") The delay resulting from the granting of a de-
fense request for an extension of time to complete pretrial
motions falls comfortably within the terms of subsection
(h)(1).

First, the granting of such a defense request qualifies as
a "proceeding." A court proceeding is defined as "[a]n act
or step that is part of a larger action" and "an act done by
the authority or direction of the court." Black's Law Dic-
tionary 1324 (9th ed. 2009) (internal quotation marks
omitted) (hereinafter Black's Law). The granting of a
defense request for an extension of time to prepare pre-
trial motions constitutes both "[a]n act or step that is part
of [the] larger [criminal case]" and "an act done by the
authority or direction of the court." Second, delay caused
by the granting of such an extension is obviously "delay
resulting from" the successful extension request.

––––––––––

[1] *United States* v. *Oberoi*, 547 F. 3d 436, 448–451 (CA2 2008); 534
F. 3d 893, 897–898 (CA8 2008) (case below); *United States* v. *Mejia,* 82
F. 3d 1032, 1035–1036 (CA11 1996); *United States* v. *Lewis*, 980 F. 2d
555, 564 (CA9 1992); *United States* v. *Mobile Materials, Inc.*, 871 F. 2d
902, 912–915 *(per curiam)*, opinion supplemented on other grounds on
rehearing, 881 F. 2d 866 (CA10 1989) *(per curiam); United States* v.
*Wilson*, 835 F. 2d 1440, 1444–1445 (CADC 1987); *United States* v.
*Tibboel*, 753 F. 2d 608, 610 (CA7 1985); *United States* v. *Jodoin*, 672
F. 2d 232, 237–239 (CA1 1982).

C

The Court does not contend that the granting of a defense request for time to prepare pretrial motions falls outside the plain meaning of subsection (h)(1), but the Court holds that §3161(h)(1)(D) (hereinafter subparagraph (D)) narrows the meaning of subsection (h)(1). Subparagraph (D) sets out one of the eight categories of delay that are specifically identified as "delay resulting from [a] proceedin[g] concerning the defendant," but as noted, this list is preceded by the phrase "including but not limited to." "When 'include' is utilized, it is generally improper to conclude that entities not specifically enumerated are excluded." 2A N. Singer & J. Singer, Sutherland on Statutes and Statutory Construction §47.23, p. 417 (7th ed. 2007). See *Campbell* v. *Acuff-Rose Music, Inc.*, 510 U. S. 569, 577 (1994); *Herb's Welding, Inc.* v. *Gray*, 470 U. S. 414, 423, n. 9 (1985); *Federal Land Bank of St. Paul* v. *Bismarck Lumber Co.*, 314 U. S. 95, 100 (1941); Black's Law 831 ("The participle *including* typically indicates a partial list"). And the inclusion in subsection (h)(1) of the additional phrase "not limited to" reinforces this point. See *United States* v. *Tibboel*, 753 F. 2d 608, 610 (CA7 1985).

Because subparagraph (D) follows the phrase "including but not limited to," the Court has a steep hurdle to clear to show that this subparagraph narrows the meaning of the general rule set out in subsection (h)(1). The Court's argument is that subparagraph (D) governs not just "delay resulting from any pretrial motion," §3161(h)(1)(D), but also delay resulting from "proceedings *involving* pretrial motions," *ante*, at 8, and n. 9 (emphasis added), and "all pretrial motion-*related* delay," *ante,* at 8 (emphasis added). In the Court's view, Congress has expressed a judgment that if a period of "pretrial motion-related delay" does not fall within the express terms of subparagraph (D), then it is "excludable only when accompanied by district court

findings." *Ante*, at 9. Thus, since subparagraph (D) does not provide for the exclusion of delay resulting from the granting of a defense request for more time to prepare pretrial motions, the Court holds that such delay is not excluded from the 70-day calculation. The Court's analysis, however, is not supported by either the text of subparagraph (D) or the circumstances that gave rise to its enactment.

D

The Court's argument would have some force if it were clear that the delay involved in the present case is "delay resulting from [a] pretrial motion." §3161(h)(1)(D). It could then be argued that subparagraph (D) reflects a legislative decision to provide for the automatic exclusion of delay resulting from a pretrial motion only if that delay occurs during the period "from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." *Ibid.*[2]

It is at least doubtful, however, that the delay at issue in the present case is delay "resulting from [a] pretrial motion." *Ibid.*[3] The phrase "resulting from" means "proceed[ing], spring[ing], or aris[ing] as a consequence, effect, or conclusion." Webster's Third New International Dictionary 1937 (1971). Thus, delay "resulting from" a pretrial motion is delay that occurs as a consequence of such a

_____

[2] The Court hints that the defense's request for additional time might itself be a pretrial motion within the meaning of §3161(h)(1)(D). Neither party relies on this theory. The Court of Appeals found that "Bloate never filed a pretrial motion." 534 F. 3d, at 897.

[3] This much is clear from the Court's own language. The Court writes that "although the period of delay the Government seeks to exclude in this case *results from a proceeding* governed by subparagraph (D), that period precedes the first day upon which Congress specified that *such delay* may be automatically excluded." *Ante*, at 9–10 (emphasis added). Subparagraph (D) does not speak of delay that results from a "proceeding," *ibid.;* subsection (h)(1), however, does. See §3161(h)(1).

motion. The type of delay involved in the present case, however, does not occur as a consequence of a pretrial motion; rather, it occurs as a consequence of the court's granting of a defense request for an extension of time. The particular facts of this case sharply illustrate this point because petitioner never filed pretrial motions.[4]

It is telling that the Court elides the statutory phrase "resulting from" and substitutes a broader phrase of its own invention. The Court writes that "pretrial motion-related delay" that is not captured by subparagraph (D)'s text is "excludable only when accompanied by district court findings." *Ante*, at 9. See also *ante*, at 8 ("Subparagraph (D) does not subject all pretrial motion-related delay to automatic exclusion"); *ante*, at 9 ("[O]nly pretrial motion-related delay 'from the filing' of a motion to the hearing or disposition point specified in the provision is automatically excludable"); *ante*, at 15, n. 14 ("pretrial motion-related delay"); *ibid.* ("pretrial motion-related proceedings"). But "pretrial motion-related delay" is not necessarily delay "resulting from" a pretrial motion.

Even if it is possible to read the statutory phrase "resulting from" to mean "related [to]," see *ante*, at 9, there are at least two good reasons for rejecting that reading. First, because subparagraphs (A)–(H) are meant to be illustrative, those provisions should not be interpreted as limiting unless the limitation is very clear. Second, the Court's interpretation of subparagraph (D) leads to an anomalous result that Congress is unlikely to have intended. Because subparagraph (D) automatically excludes "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," it is clear that

---

[4] But even if petitioner had filed pretrial motions, the delay resulting from the granting of the extension still would not be delay "resulting from" the motion.

subparagraph (D) automatically excludes delay resulting from the granting of *a prosecution request* for additional time to respond to a defendant's pretrial motions. The Court has not identified any reason why Congress might have wanted to provide an automatic exclusion for delay resulting from the granting of a prosecution request for additional time to respond to a defendant's pretrial motions but not for delay resulting from the granting of the defendant's request for additional time to prepare those very motions. Since there is nothing to suggest that Congress intended such a strange, asymmetrical result, the Court's strained interpretation of subparagraph (D) should be rejected. Subparagraph (D) should be read to apply only to delay "resulting from [a] pretrial motion," and because the delay involved here does not result from a pretrial motion, there is no basis for inferring that subparagraph (D) was meant to take that delay outside the scope of the general language of subsection (h)(1).

E

The circumstances surrounding the adoption of the current version of subparagraph (D) in 1979 point to the same conclusion. That language was adopted to *expand* the reach of the exclusion. As originally enacted, the relevant provision of the Act excluded only "delay resulting from hearings on pretrial motions," 88 Stat. 2078, and courts had interpreted this language literally to exclude only time actually devoted to hearings. See, *e.g.*, *United States* v. *Lewis*, 425 F. Supp. 1166, 1171 (Conn. 1977); *United States* v. *Conroy*, No. 77 Cr. 607 (CHT), 1978 U. S. Dist. LEXIS 19296, *4 (SDNY, Mar. 1, 1978); accord, *United States* v. *Simms*, 508 F. Supp. 1175, 1177–1178 (WD La. 1979). The House Judiciary Committee stated that the language on which the Court now relies was added "to avoid an unduly restrictive interpretation of the exclusion as extending only to the actual time consumed in

a pretrial hearing."  H. R. Rep. No. 96–390, p. 10 (1979).
Similarly, the Senate Judiciary Committee expressed
frustration with what it described as the courts' "unneces-
sarily inflexible" interpretation of the Act.  S. Rep. No. 96–
212, p. 18 (1979) (hereinafter S. Rep.).  See also *id.,* at 26.
Congress' expansion of the exclusion set out in subpara-
graph (D) so that it covers, not just the time taken up by
hearings on pretrial motions, but all delay resulting from
pretrial motions does not support the inference that Con-
gress wanted the type of delay at issue in this case to
count against the Speedy Trial Act's 70-day period.

Contending that Congress could have been more explicit
if it "wished courts to exclude pretrial motion preparation
time automatically," the Court cites as an example a
legislative proposal by the Department of Justice to pro-
vide for an express exclusion of preparation time for pre-
trial motions.  *Ante*, at 14, n. 13.  The Court is correct that
Congress did not choose this option, but the Court's argu-
ment misses the point.

First, it bears emphasizing that the Justice Depart-
ment's proposal did not simply exclude delay caused by a
successful defense request for additional time to prepare
pretrial motions.  That is the delay in dispute here.  In-
stead, the Justice Department's proposal excluded all
"delay resulting from the preparation and service of pre-
trial motions and responses from hearings thereon."  S.
961, 96th Cong., 1st Sess., §5 (1979) (as introduced).

Second, the reasons given in the Senate Judiciary Com-
mittee report for rejecting the Justice Department pro-
posal do not apply when the delay results from the grant-
ing of a defense request such as the one at issue here.  The
Senate Committee report noted that, when excluding time
for the preparation of pretrial motions, it will be "quite
difficult to determine a point at which preparation actu-
ally begins."  S. Rep., at 34.  But when a district court
grants a defendant's motion for time to prepare pretrial

motions, that concern is not present. See *United States* v. *Oberoi*, 547 F. 3d 436, 451 (CA2 2008) (noting the importance of the District Court's expressly stopping the speedy trial clock to create a point from which to measure preparation time).[5] In addition, the Committee expressed the view that "in routine cases, preparation time should not be excluded." S. Rep., at 34. However, cases in which a district court accedes to a defense request for more than the usual amount of time for the completion of pretrial motions are by definition not routine.

Third, there is no reason why Congress should have supposed that the language that Congress and the President enacted did not reach delay resulting from the granting of the defendant's request for additional time to prepare pretrial motions. As explained above, *supra,* at 2, 4–6, such delay results from a proceeding concerning the defendant and is not delay resulting from a pretrial motion.

In sum, (1) delay resulting from the granting of a defense motion for an extension of time to file pretrial motions falls within the general rule, set out in subsection (h)(1), that automatically excludes delay "resulting from [a] proceedin[g] concerning the defendant;" (2) the subparagraphs that follow, which are preceded by the phrase "including but not limited to," are illustrative, not exhaustive; and (3) neither the text of subparagraph (D) nor the circumstances surrounding its adoption clearly reflect an

_____

[5] The Court incorrectly states that the Courts of Appeals that have read subsection (h)(1) to exclude preparation time for pretrial motions have found it necessary to "impos[e] extratextual limitations on excludability," namely, that the trial judge must expressly grant an extension of the time for the completion of pretrial motions. See *ante*, at 16. This requirement, however, springs from the language of subsection (h)(1), for it is the granting of the extension request that constitutes the "proceedin[g] concerning the defendant" that triggers the exclusion under subsection (h)(1). See *supra*, at 2.

intent to narrow the scope of the general rule set out in subsection (h)(1). For these reasons, I would hold that the delay in question here is automatically excluded.

## II

The Court advances several additional arguments in support of its analysis, but none is persuasive.

## A

Two of these arguments hinge on the Court's unjustifiably broad interpretation of subparagraph (D), *i.e.*, that it covers all "pretrial motion-related delay." First, the Court reasons that under a contrary interpretation, "a court could extend by weeks or months, without any finding that the incursion on the Act's timeliness guarantee is justified, the entire portion of a criminal proceeding for which the Act sets a default limit of 70 days." *Ante,* at 13. But the same is true of the Court's interpretation. Even under an interpretation that automatically excludes delay "*only* from the time a motion is filed through the hearing or disposition point," *ante*, at 9, there appears to be no reason why a district court may not, in its discretion, extend the automatically excludable period of time under subparagraph (D) through any number of means, including: (1) extending the time to file an opposition brief, see Tr. of Oral Arg. 4; (2) extending the time to file a reply brief, see *United States* v. *Latham*, No. 82–CR–890, 1983 U. S. Dist. LEXIS 14219, *1–*3 (ND Ill., Aug. 30, 1983); (3) allowing pre-hearing supplemental briefing, see *United States* v. *Faison*, No. 06–4332, 2007 U. S. App. LEXIS 23298, *6–*9 (CA4, Oct. 4, 2007); (4) deferring the hearing on a pretrial motion, see *United States* v. *Riley*, 991 F. 2d 120, 124 (CA4 1993); (5) conducting multiple hearings on the motion or motions, *e.g.*, *United States* v. *Boone*, Crim. No. 00–3, 2002 WL 31761364, *20, n. 12 (D NJ, Dec. 6, 2002); or (6) allowing the filing of post hearing submissions, see *Henderson*

v. *United States*, 476 U. S. 321, 324 (1986). Indeed, in *Henderson* we held that 295 days of delay resulting from the filing of a pretrial motion were automatically excludable, and we noted that "Congress was aware of the breadth of the exclusion it was enacting." *Id.,* at 327.[6] The Court's suggestion that its interpretation is necessary to protect the Act's "timeliness guarantee," *ante*, at 13, is illusory.

For a similar reason, the Court's interpretation is not supported by the rule of construction that "'[a] specific provision' . . . 'controls one[s] of more general application.'" *Ante,* at 10. This rule applies only when specific and general statutory provisions conflict. *National Cable & Telecommunications Assn., Inc.* v. *Gulf Power Co.*, 534 U. S. 327, 335–336 (2002). Here, there is no conflict because, even if subparagraph (D) governs "delay resulting from any pretrial motion," there is no basis for concluding that subparagraph (D) governs all "pretrial motion-related delay."

B

Contrary to the Court's claim, its decision is not supported by §3161(h)(7)(A), which excludes "delay resulting from a continuance" provided that the trial court "sets forth, in the record of the case, . . . its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." One might argue that a trial judge grants a "continuance" whenever the judge postpones a trial date, even when the postponement is the

_____

[6] That the delay in *Henderson* was delay "resulting from [a] pretrial motion," §3161(h)(1)(D); see 476 U. S., at 322, 330–331, distinguishes that case from the scenario here, where no pretrial motion has been filed and the delay in question "results from a proceeding" that, in the Court's view, is "governed by subparagraph (D)." *Ante*, at 9–10. Cf. *ante*, at 15, n. 14.

direct result of a proceeding that falls squarely within the language of subsection (h)(1) or one of the specific illustrative subparagraphs that follow. See §3161(h)(7)(A) ("[a]ny period of delay resulting from a continuance"). But such a reading would render subsection (h)(1) and subparagraphs (A)–(H) meaningless if it were true that all continuances required ends-of-justice findings. The plain terms of subsection (h)(1) refute this interpretation and show that Congress intended for some periods of delay that postpone the trial date to be automatically excludable.

Viewed in their proper context, subsection (h)(1) and its subparagraphs carve out exceptions to the general rule of §3161(h)(7)(A) requiring ends-of-justice findings for continuances. See, *e.g.*, *United States* v. *Aviles-Alvarez*, 868 F. 2d 1108, 1112 (CA9 1989) (noting that when pretrial motion delay is automatically excluded, the District Court "does not have to make findings or consider any factors"). A period of delay resulting from a continuance requires ends-of-justice findings only when it does not also fall within the subset of automatically excludable delay defined by subsection (h)(1). When a period of delay resulting from a continuance does qualify for automatic exclusion, a court ordinarily should give effect to the more specific provisions of subsection (h)(1). See *Gozlon-Peretz* v. *United States*, 498 U. S. 395, 407 (1991) ("A specific provision controls over one of more general application"). Cf. *ante*, at 10.

For the reasons discussed, see *supra*, at 2, the granting of a defense request for an extension of time to complete pretrial motions is a "proceedin[g] concerning the defendant" within the meaning of subsection (h)(1). It may also qualify as a "continuance" within the meaning of §3161(h)(7)(A) if the delay has the effect of pushing back the trial date. But a court should resolve the conflict by applying the more specific provision of subsection (h)(1). This result is faithful not only to the plain language of the

statute, but to its overall structure of providing a class of exceptions to the general rule that continuances require ends-of-justice findings. And it also recognizes that when defense counsel argues that adequate pretrial motions cannot be completed within the time allotted and is granted an extension, it will generally go without saying that the judge has considered whether the ends of justice will be served by the extension, and requiring the judge to recite this determination on the record will often be an empty exercise.

## III

The Court does not believe that its interpretation will have serious adverse consequences because trial judges, by making the on-the-record findings required under §3161(h)(7), may exclude delay resulting from the granting of a defense request for an extension to file pretrial motions. As this case illustrates, however, there will be cases in which busy district judges and magistrate judges will fail to make those findings, and indictments will be dismissed for no good reason. If requiring findings on the record were cost- and risk-free, Congress would not have provided for the automatic exclusion of the broad category of delay encompassed by §3161(h)(1).

The Court notes that, when a Speedy Trial Act violation occurs because of delay caused by an extension requested by the defense, a district court may dismiss the indictment without prejudice. But as we have recognized, even when a new indictment may be obtained, "substantial delay may well make reprosecution . . . unlikely." *United States* v. *Taylor*, 487 U. S. 326, 342 (1988). Dismissal without prejudice is "not a toothless sanction," *ibid.*, and it is particularly inappropriate when brought about by a criminal defendant's own delay.

ALITO, J., dissenting

## IV

For these reasons, I would hold that the delay at issue in this case is automatically excluded for Speedy Trial Act purposes, and I would therefore affirm the decision of the Court of Appeals.